MICHAEL O'CONNER and RICHARD BOYD, plaintiffs in error, *vs.* JOHN MULLEN, defendant in error.

### *Error to Sangamon.*

Action against two defendants, service upon one only, default was entered against the "*de-fendants;*" a judgment that the plaintiff recover of and from the "*defendant,*" held bad for uncertainty.

In an action upon a bail bond, where the defendant makes default, the clerk does not assess the debt. The default admits the debt, which is the penalty of the bond. The assessment is of the damages, occasioned by the breach of the condition, which will be the amount of the recovery in the suit in which the bond was given.

An amendment of a judgment, at a term subsequent to that in which it was rendered, without notice to the opposite party, will not avail the party making the amendment.

This was an action upon a bail bond, returned into the San-gamon county Circuit Court, at November term, 1848. The return of the summons showed service upon Boyd, and that O'Conner was not found. During the same term the following order and judgment was entered: "This day came the plain-tiff, by his attorney, and it appearing to the satisfaction of the Court that the *defendants* has been regularly served with pro-cess, and he being three times solemnly called, came not," &c., "it is ordered by the Court that the plaintiff recover of and from the said *defendants* the debt in the plaintiff's declaration men-tioned. But because the debt is unknown to the Court it is or-dered that the clerk make an assessment, and he having assessed the same to the sum of two hundred dollars," &c., "it is, there-fore, ordered and adjudged by the Court, that the plaintiff reco-ver of and from the *defendant* the sum of two hundred dollars, the debt aforesaid," &c. This judgment was before Treat, Judge.

At the August term, 1849, of the said Sangamon Circuit Court, before Davis, Judge, on motion of the plaintiff, the judg-ment was amended so as to make it a judgment against Richard Boyd only; and, also, so as to show that it was referred to the clerk to assess the damages, and that he reported that the da-mages amounted to two hundred dollars; and also to make it a judgment for two hundred dollars debt, &c., be discharged by the payment of two hundred dollars in damages.

Boyd sues out the writ of error, and assigns for error: That the declaration is insufficient, not showing any cause of action; that the judgment is erroneous, being rendered for the whole debt without any assessment of damages; that the judgment

was against both defendants, one only having been served; that the court below had no power to make an amendment of the record, without notifying defendants; and that the clerk had no power to assess the damages.

E. N. POWELL, for plaintiffs in error:

The objections to the declaration are, that it does not show that the *ca. sa.* rightfully issued; it not appearing that any affidavit was made, that defendant, O'Conner, refused to surrender &c. Rev. Stat., 282, sec. 1. It does not appear that O'Conner was lawfully held to bail in the original action; there being nothing to show that he refused to deliver up his estate for the benefit of his creditors, or that there was a strong presumption of fraud. Old Const., sec. 15, art. 8; Rev. Stat., pa. 38. The bond was given to release from an unlawful custody, and was void. The declaration shows that the original judgment against O'Conner was in damages, but the declaration alleges also that the suit was in debt. There is no sufficient averment to give the Court jurisdiction. The return shows service of the summons on Boyd only. The language of the judgment is loose, but it clearly makes a judgment against both defendants. The judgment being against both defendants, only one of whom was properly in Court, the whole judgment must be reversed, and cannot be affirmed as to one and reversed as to the other. Hays' Adm'rs *vs.* Thomas *et al.,* Breese, 137; 14 John. R., 417. Notice not having been given to defendant in the Court below, of the amendment sought to be made to the judgment, that amendment goes for nothing. The clerk had not authority to make the assessment.

S. T. LOGAN, for defendant in error:

The clerk is authorized to make the assessment. Practice act, Rev. Stat., sec. 15, page 415. The condition of the bail bond is, that the security will pay the judgment, if he does not surrender his principal. The only assessment to be made was, for the clerk to compute the amount due on the judgment. The amendment of the judgment was properly made. Notice to the defendant would have been useless: he could not do any thing in Court by producing evidence. The correction was of a mere clerical mistake, apparent upon the record, and to be cor-

rected by it. The defendant was not in any wise injured; the amendment was only necessary for the perspicuity of legal proceedings.

E. N. POWELL, in reply:

The bond in question was not for the payment of money only. The clerk had to resort to other evidence than the bond, from which to make up his assessment. This case does not come within the purview of the fifteenth section of the practice act.

Opinion by Mr. Justice TRUMBULL:

This was an action of debt upon a bail bond. Boyd alone was served with process. Judgment by default was entered against the "*defendants*," for the debt, in the declaration mentioned, and the record then recites that, "because the debt is unknown to the Court, it is ordered that the clerk make an assessment," which he did, and reported the same to be two hundred dollars; whereupon the Court adjudged, "that the plaintiff recover of and from the defendant the sum of two hundred dollars aforesaid, together with his costs."

This judgment was clearly erroneous. It was error to enter a judgment by default against both defendants, when only one had been served with process; and the final judgment, although against but one defendant, leaves it uncertain which.

It was also erroneous to direct the clerk to assess the debt. The default admitted the debt, which was the penalty of the bond, and an assessment should have been directed of the damages, occasioned by the breach of the condition of the bond, which would be the amount of the recovery in the suit, wherein the bail bond was given.

This judgment, which was rendered at the November term, 1848, of the Sangamon Circuit Court, was amended at the August term, 1849, of the same Court, so as to be a judgment against Boyd alone, and was also made formally correct; but the amendment was made on motion of the plaintiff below, without notice to the opposite party, and cannot, therefore, avail him, upon the authority of the case of O'Conner *vs.* Mullen, decided at the present term.

The judgment of the Circuit Court is reversed and the cause remanded. *Judgment reversed.*