SYLVANUS B. HANCE, Plaintiff in Error, *v.* WILLIAM G. MILLER, Defendant in Error.

ERROR TO McLEAN.

A party who endorses a note in blank, gives the holder of it a right to fill up the assignment at any time before it is offered in evidence, with any character of assignment that is usual and customary.

A contract of guaranty depends upon different principles, and the guarantor may, if he chooses, limit his liability; if he does not do so, the general liability attaches, and protest or suit is unnecessary. The holder may recover under the general assignment, or under the guaranty, as he chooses.

Whether an authorized guaranty written over a blank endorsement would vitiate an assignment, the court not prepared to hold.

A bill of exceptions filed two months and a half after the trial of a cause, without any order or leave of the court, does not make any part of the record.

THIS case was tried before DAVIS, Judge, at December term, 1859, of the McLean Circuit Court, without a jury. The case is fully stated by Mr. Justice WALKER, in the opinion of the court.

SCATES, McALLISTER & JEWETT, for Plaintiff in Error.

WILLIAMS & PACKARD, for Defendant in Error.

WALKER, J. This was an action of assumpsit instituted by Miller against Hance, in the McLean Circuit Court. The declaration contained two special counts; the first is upon a contract of guaranty; the second was against defendant as endorser of a note, and contained an averment that owing to the insolvency of the maker, a suit against him at the first term

of the court after it became due would have been unavailing. The common counts were also added. The defendant plead the general issue, and a special plea that he did not execute the supposed assignment, and guarantee the payment of the note described in the declaration, and a further plea traversing the allegation that a suit would have been unavailing at the first term of the court after the maturity of the note. The first and second pleas were verified by affidavit. Plaintiff entered a *nolle prosequi* to the first count, and a trial was had by the court under the remaining counts, when plaintiff introduced in evidence this note:

"$500.                               *Bloomington,* Oct. 31st, 1857.

Fifteen days after date, I promise to pay to the order of S. B. Hance, Five hundred dollars at the Lafayette Bank, value received.

A. B. SHAFFER."

Also the following endorsement on the back of the note:

"For value received, I guarantee the payment of the within note at maturity, and assign the same to Wm. Miller.                 S. B. HANCE."

It was admitted by the parties that the defendant executed the endorsement in blank, and that the writing above defendant's signature, had been written and filled up by the plaintiff after the note came into his possession. The defendant excepted to the reading of the note and endorsement. The objection was overruled. The plaintiff then proved by the production of executions against Shaffer returned *nulla bona,* and by witnesses, that he was insolvent at the time the note became due. Upon this evidence the court found for the plaintiff, and assessed his damages at $504.35, and rendered judgment against the defendant for that amount. To reverse which he prosecutes this writ of error.

The endorsement on this note by its terms as well as its legal effect, was a contract of guarantee, and also a contract of assignment. The holder with general endorsement, had the right to fill up the assignment at any time before the note was read in evidence, with any character of assignment that is usual and customary. When the payee or holder, by previous assignment puts it into circulation with a general endorsement, he impliedly gives authority to the holder to fill this endorsement with the assignment usually employed in the transfer of such paper. By an ordinary assignment, made by the payee or assignee, the legal title to the instrument passes, and the law also creates the liability on the assignor to pay the holder by assignment, in the event that the money cannot be collected of the maker by due diligence in the institution and prosecution of a suit against him, or if a suit would be wholly unavailing, or the maker shall have

absconded from the State at its maturity. This liability is imposed upon the assignor by the statute, and to avoid it he should limit it by the terms of the assignment. The contract of guarantee depends upon and is governed by different principles. Any person, whether a party to the note or not, may guarantee its payment by the maker within any time specified, or may impose any terms or conditions to his guarantee which he may choose, and he will only be liable to the holder according to the terms of his agreement. If he guarantee payment at maturity to the holder, without imposing other conditions, he need not protest or give notice of non-payment, or institute legal proceedings to hold the guarantor. If such steps are necessary it is only because they have been imposed by the terms of the contract of guaranty. When the money is not paid according to the terms of the guarantee, the person holding the guarantee has a right to sue upon it and recover of the guarantor. Then if this guarantee was authorized and filled up in pursuance of the agreement of the payee and the defendant in error, at the time of the transfer of the note, he became entitled to sue and recover upon the guarantee or upon the contract of assignment as he might choose. The two contracts being separate and distinct, he by showing liability under either, might recover under that contract.

In this case, the defendant in error entered a *nolle prosequi* to the count on the contract of guaranty, and elected to proceed for a recovery under the contract of assignment. To recover under that count, he had to show that he had duly prosecuted the maker to insolvency, or that a suit at the maturity of the note would have been wholly unavailing, or that the maker had absconded from the State when the note became due. In this case, the defendant proved that a suit would have been unavailing, at the first term of the court after the note became due, on account of the insolvency of the maker. The note and assignment, together with this evidence, was properly admissible under the pleadings, and fully sustains the judgment.

It was urged that the guarantee was not authorized by the agreement of the parties, and that when the contract of guarantee was written over the payee's signature, that it was such an alteration of the contract of assignment as rendered it void, and defeated all right of recovery. The question of whether the holder was authorized to fill up the guaranty was withdrawn from the consideration of the court, and no evidence was adduced to show whether it was authorized or not, and the court in the absence of all evidence, is not authorized to presume that it was unwarranted. Even if writing a guarantee when unauthorized, in connection with an assignment which was authorized, were to

have the effect to destroy the liability under the assignment, which we are not prepared to hold, there is no evidence sustaining such a conclusion in this case.

The bill of exceptions was filed in this case two months and a half after the trial was had, and there was no agreement that it might then be filed, nor was there any order of the court, extending the time for filing the same. This was not filed in time to render it any portion of the record. *Dickhut* v. *Durrell,* 11 Ill. R. 72. The assignment of errors questions the correctness of the decision in admitting the evidence, and as the bill of exceptions was not filed in apt time, the judgment should be affirmed for the want of a proper bill of exceptions, if for no other. The presumption being that the evidence sustains the judgment.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*