THOMAS S. DICKERSON

*v.*

R. P. DERRICKSON.

1. CONSIDERATION *to support a guaranty—what is sufficient.* The assignment of a judgment is a sufficient consideration to support a guaranty.

2. AVERMENT *of consideration.* In an action upon a guaranty, where the entire instrument, which recites that it was made in consideration of the assignment of a judgment to the guarantor, is set out in the declaration, that is as clear an averment that a consideration was given to support it, as if such an averment was formally made.

3. PROOF *of consideration.* And when the instrument is introduced in evidence in such a case, it proves the averment of consideration.

4. GUARANTY—*when it is absolute.* Where a guarantor undertakes to pay a specific sum of money in case a third party fails to do so, that constitutes an absolute guaranty.

5. GUARANTY—*in what event an absolute guarantor becomes liable* Where a guaranty is absolute, it is the duty of the guarantor to see to the payment of the money; no demand or notice of non-payment is necessary to fix his liability.

6. SAME—*of a contingent guaranty—notice.* It seems, however, that when the guaranty depends upon the happening of some contingent event, it is necessary, when the event has occurred, that notice should be given to the guarantor within a reasonable time.

7. SAME—*what is reasonable notice in such case.* What is a reasonable time for such a notice depends upon circumstances; if it is given before loss can occur, or the situation of the parties becomes changed so as to endanger loss, it is sufficient. If delayed so long as to deprive the guarantor of the means of securing himself, it would not be in time, and the guarantor would be released.

8. Proof of non-payment—*what constitutes—burden of proof.* In a suit upon a guaranty, where the proof tends to show that the original promissor had not been in the part of the country where the contract was made, since its execution, the inference would be warranted that he had not paid the money ; and the fact that the promisee was still in possession of the original instrument would be evidence that the money had not been paid; such evidence would be sufficient to put the guarantor upon proof that it had been paid.

9. One good count *sufficient.* Where there is one good count sustained by the proof, the court must enter a judgment on that count, without regard to those that are faulty.

Appeal from the Circuit Court of Cook county; the Hon. Erastus S. Williams, Judge, presiding.

This was an action of assumpsit brought to the September Term, 1863, of the Circuit Court of Cook county, by R. P. Derrickson against Thomas S. Dickerson. It was founded upon the following instrument:

" In consideration of assignment of judgment against George Kimball to T. S. Dickerson this day, and rendering of bill and notes to me, I do hereby agree, in case George Kimball does not pay to R. P. Derrickson the sum of three hundred and twenty-five dollars in three months from this time, to guarantee to said Dickerson the payment of said sum of money; said judgment being against steamboat Nile.

" Chicago, May 6, 1861.

    (Signed)         THOMAS S. DICKERSON."

There was a judgment in favor of Derrickson, from which Dickerson prosecutes this appeal. The points which were relied upon to reverse the judgment, and the facts in the case, will be found in the opinion of the Court.

Mr. Cyrus Bentley, for the appellant.

Mr. Samuel K. Dow, for the appellee.

Mr. Chief Justice Walker delivered the opinion of the Court:

The instrument sued upon, states that in consideration of the assignment of a judgment against George Kimball to appellee, and "rendering of bill and notes" to him, he promises to pay the sum specified, in case Kimball fails to pay the same. The assignment of the judgment is undeniably a sufficient consideration to support the promise. The entire instrument is set out in the declaration, which is certainly as clear an averment that a consideration was given to support the instrument as if formally made. And when the instrument was introduced in evidence it proved the averment that there was a consideration given. It then follows that this error is not well assigned.

·It is insisted that there is a variance between the instrument described in some of the counts, and that produced and read in evidence. The objection is that the promise is described as absolute, when the instrument shows that it is conditional. This objection cannot apply to the third count. And the statute has declared that if there is one good count sustained by the proof, the court must render judgment on that count without regard to those which are faulty. Under this count the *allegata* and *probata* agree, the objection is, therefore, not well taken.

It is likewise insisted, that, before appellant can be called upon to pay this money, proof must be made that Kimball had not paid it to appellee. The evidence shows that Kimball had not been in that vicinity after the instrument was executed. One witness says the last he heard of him he was at New Orleans. This evidence tended to show that he had left the country, and from it a jury would be warranted in the inference that it had not been paid. Again, the fact that appellee was in possession of the instrument was evidence that the money had not been paid. If either Kimball or appellant had paid the money, it is more than probable that the instrument would have been surrendered or canceled. This was evidence sufficient to put appellant upon proof that it had been paid.

It is also insisted that notice should have been given to appellant that Kimball had failed to pay the money before he could be held liable as guarantor. There can be no question

that, where the guaranty is absolute, it is the duty of the guarantor to see to the payment of the money. In such a case no demand or notice of non-payment is required, but the holder may institute suit at maturity of the debt without taking any other steps. In *Hance* v. *Miller*, 21 Ill. 636, this rule was recognized.

When, however, the guaranty depends upon the happening of a contingent event, it is necessary, when the event has occurred, that notice should be given to the guarantor within a reasonable time. This is manifestly proper, to enable the guarantor to secure himself against loss. 2 Pars. on Cont. 174. But what is a reasonable time depends upon the circumstances of the case. If, however, it is given before loss could occur, or the situation of the parties become changed so as to endanger loss, it is believed to be sufficient. If delayed so long as to deprive the guarantor of the means of rendering himself secure, it would not be in time, and the guarantor would be released.

The question then recurs, whether this is a guaranty of the character which requires such a notice. The agreement was that appellant would pay the money if Kimball failed to pay it. How does this guaranty differ from an ordinary guaranty of a note? There the guarantor says he guarantees the payment of the note; but is it not a necessary implication that he will only pay in case the maker fails? Such a guaranty does not mean that he will pay, even if the maker should. That would not be a guaranty, but an original, absolute undertaking. And yet a notice of non-payment is not supposed to be necessary on such a guaranty of a note. In this case the parties have only clothed in language what the law implies in all mere absolute guaranties. The contract of an absolute guaranty is, that, if the principal fails to pay, the guarantor will. If it were not so it would not be a guaranty, but an independent undertaking. In this case there was no such condition in the contract as required a notice of non-payment, and the judgment of the court below must be affirmed.

*Judgment affirmed.*