## GEORGE VOLTZ
### *v.*
## JAMES M. HARRIS *et al.*

1. GUARANTOR — *whether entitled to notice.* Where the liability of a guarantor is primary, he is not entitled to any notice of the non-performance of the stipulations covered by his guaranty.

2. Hence, the guarantor of a lease, like the guarantor of a promissory note, is not entitled to notice of non-payment by the lessee; it is his duty to see that the rent is paid.

3. WANT OF NOTICE — *when not a defense to a guaranty.* And it seems, that in those cases where the guarantor is entitled to a notice, he must show that he suffered loss or injury by a want of notice, before the want of a notice will be a defense to the guaranty.

4. PLEADING WITHOUT LEAVE, *after demurrer overruled.* Where a plaintiff puts in a replication to a plea after his demurrer thereto has been overruled, without having asked leave to withdraw his demurrer and reply, there is no error in permitting the parties to go to trial upon the issue, without rendering a judgment against the plaintiff on his demurrer to the plea.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

This was an action of covenant, brought to the March Term, 1865, of said court by Robert S. Harris and James M. Harris against George Voltz upon the following guaranty:

"I do hereby enter security that John Widmer will do and perform all the covenants, contracts and agreements contained in the within lease; and promise and bind myself, my heirs, executors and assigns, to pay to Robert S. Harris and James M. Harris, their heirs or assigns, all rents and damages of every kind they may sustain by reason of the non-compliance or fulfillment of the stipulations of the within lease by said John Widmer. Witness my hand and seal this 2d day of September, 1859.

"GEORGE VOLTZ [SEAL]."

This guaranty was indorsed upon a lease made by said plaintiffs as lessors, and by John Widmer as lessee, on a certain brick building in Galena. The lease was dated 24th August, 1859, and was for the term of five years from 1st September, 1859, at the rent of $500 per annum, payable in equal monthly installments.

Benjamin Coombe, who was the subscribing witness to the lease and to the guaranty, testified that both were actually signed on the same day. That day was 2d September, 1859. He was the attorney for the lessors, and further testified: "Widmer was required to give security for the performance of covenants of the lease. I had advised the plaintiffs to demand it, which was done, and complied with by Widmer, for Widmer and Voltz both sat in my office while I wrote the guaranty which is on the back of the lease, and after I had finished, Widmer signed the lease, and Voltz the guaranty. The plaintiffs signed both copies of the lease at that time and place. I signed the lease and guaranty as a witness, and delivered Widmer his lease. He had none before, and had not signed the lease."

Widmer left the county in the fall of 1862, largely behind in the rent. On the 18th of February, 1865, five years after the first default, and two years and three months after Widmer had left the county, James M. Harris met Voltz in the street, and presented to him the account sued upon, told him Widmer had gone away and he could not collect the rent of him, and wanted Voltz to pay the rent. He refused to pay it.

On the first day of December, 1862, one Weber took possession of the demised premises, and sometimes paid rent to the Harrises.

The parties waived a jury and the cause was tried by the court alone. There was a judgment against Voltz for $964.84, that being the whole sum due from the time of the first default by Widmer to the end of the term named in the lease.

His motion for a new trial was overruled, and he now prosecutes this appeal.

Mr. WILLIAM CARY and Mr. D. SHEEAN, for the appellant.

1. The court should not have permitted the lease and guaranty to be read in evidence without proof that Voltz had been notified of the default of Widmer at the time the default was made, or within a reasonable time thereafter. *White* v. *Walker*, 31 Ill. 438.

2. The court should not in any event have rendered judgment for more than the rent due up to 1st December, 1862, when Weber took possession; since the lessors then accepted new tenants and received rent from them.

Messrs. McCLELLAN and JACKSON, for the appellees.

1. Proceeding to trial without a formal issue, is, after verdict, treated as a waiver of the issue. *Armstrong* v. *Mack*, 17 Ill. 166; *Kelsey* v. *Lamb*, 21 id. 559.

2. Unless the guarantor is damaged by the want of notice, it is no defense to an action upon the guaranty. *Farmers' Bank* v. *Kercheval*, 2 Mich. 504; *Salisbury* v. *Hale*, 2 Pick. 416; *Woodson* v. *Moody*, 4 Humph. 303; *Rhett* v. *Poe*, 2 How. 457; *Heaton* v. *Hurlbut*, 3 Scam. 489.

3. The guaranty was of the entire lease, and the plaintiffs were under no obligation to notify the guarantor of the default of the lessee until the expiration of the lease, or its surrender had been accepted.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of covenant in the Jo Daviess Circuit Court, brought by James M. Harris and Robert S. Harris against George Voltz, and a verdict and judgment for the plaintiffs.

The case was this: The Harrises had leased to one John Widmer certain premises in Galena, for the term of five years commencing on the first day of September, 1859, at a yearly rent of $500, payable in monthly installments of forty-one dollars and sixty-six cents, on the first day of each month. The

lease was executed on the second day of September, 1859, and on the same day, on the back thereof, Voltz signed a guaranty to the effect that he would be responsible for the rent and for all damages the lessors might sustain by reason of non-compliance or fulfillment of the lease by Widmer. Harris required security, and Voltz guaranteed the rent by this writing. Default was made in the payment of the rent by Widmer for part of the years 1860 and 1861, and for all the subsequent years. On the 18th of February, 1865, one of the plaintiffs met the defendant on the street and presented to him the amount due for rent from Widmer, and then told defendant that Widmer had gone away, and he could not collect it of him, and that he, Voltz, must pay it. This Voltz refused to do. Widmer left Galena in 1862, when one Weber took possession of the premises. From that time onward Widmer exercised no control over the premises.

The cause was submitted to the court without a jury, and the court found for the plaintiffs nine hundred and sixty-four $\frac{84}{100}$ dollars in damages. A new trial was refused, and judgment was entered on the verdict, to reverse which Voltz prosecutes this appeal.

The points made by appellant are, first, that inasmuch as the plaintiffs' demurrer to the defendant's sixth plea was overruled, and no leave asked to withdraw the demurrer and reply, judgment should have been rendered against them.

The additional record filed in the cause, shows that, after the decision on the demurrer, a replication was put in to that plea tendering an issue to the country on the fact of notice, by Voltz, of Widmer's default. There was no *similiter* added, but that is not made a point, and if it was, it would be settled by the cases of *Armstrong* v. *Mack*, 17 Ill. 116, and *Kelsey* v. *Lamb*, 21 id. 559.

The principal objection made by the appellant is, that reasonable notice was not given to him of the default of Widmer, and for that reason, he had no opportunity of paying the rent and procuring indemnity from Widmer — that he should have been notified of each default, as it occurred, and reference

is made in support of this position to the case of *White* v. *Walker*, 31 Ill. 438. In that case, the court intimate, that " it would seem but reasonable, the party so liable, that is, secondarily, should have notice of the default, so that he might pay what was due without being harassed by a suit, or procure indemnity. In that case the non-payment of the rent rested entirely in the knowledge of the lessors, and it is in this connection the above remark of the court was made. It is more an intimation, by the judge delivering the opinion, of the propriety of such a rule, than a decision by the court, that such is the rule in this court.

This court decided in *Heaton* v. *Hulbert*, 3 Scam. 489, that a guarantor of a promissory note was not entitled to notice of non-payment by the makers, for the reason that the guarantor was primarily liable.

By the terms of the guaranty in this case, the liability of the guarantor was primary and for all the rent, and consequently he was not entitled to notice. It was his duty to see the rent was paid by Widmer or by the person he had let into possession. Besides, the appellant does not show he has suffered any loss or injury by a want of notice. On the authorities cited for the appellees, such showing was necessary. If he could not have profited by notice, and has lost nothing for the want of notice, there is no reason why he should complain. He entered into the contract of guaranty with his eyes open, and must perform all its stipulations, unless he can show the appellees have been guilty of some *laches*, by which he has been injured. *Rhett* v. *Poe*, 2 Howard (U. S.) 457; *Farmers & Merchants' Bank* v. *Kercheval*, 2 Mich. 504. This not having been shown, the judgment must be affirmed.

*Judgment affirmed.*