60          HOOKER *v.* GOODING *et al.*          [Sept. T.

Opinion of the Court.

JAMES H. HOOKER

*v.*

ALANSON GOODING *et al.*

1. GUARANTOR — *mere delay in collecting does not release.* An absolute guarantor of the payment of money due on a certificate of deposit, where the credit is indefinite, is not released by the mere delay of the creditor in enforcing payment from the principal debtor.

2. SAME — *holder not bound to demand payment and give notice.* The creditor in a certificate of deposit, when the credit is indefinite, is under no obligations to a guarantor to make prompt demand of payment and give notice to him of non-payment.

APPEAL from the Circuit Court of Will County ; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. MUNN & MUNN, for the appellant.

Mr. G. D. A. PARKS, for the appellees.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

On November 14, 1871, John H. Daniels, doing business as a banker, under the name of John H. Daniels & Son, executed a paper as follows :

"$2,200.          *John H. Daniels & Son, Bankers.*

"*Wilmington, Will Co., Ill., Nov. 14, 1871.*

"James H. Hooker, Esq., has deposited in this bank twenty-two hundred dollars, payable to the order of himself, in current funds, on return of this certificate properly indorsed, with interest at the rate of ten per cent per annum, if left ninety days.    Payable at ten days' notice.

"JOHN H. DANIELS & SON."

On the back of this certificate the name of Alanson Gooding was written, without any other writing.

In this condition, this certificate was delivered to James H. Hooker.

At the October term, 1873, Hooker brought an action of *assumpsit* upon this instrument against Gooding and others. It is insisted by Gooding, that by operation of law, arising from the delay and neglect of Hooker to make more prompt demand of payment, he (Gooding), being merely security, was discharged from his liability.

The issue in the case was, by consent, tried by the court without a jury. The finding was for defendant below, and Hooker appeals to this court.

On the trial it was admitted, in addition to the facts above stated, that no demand of payment was made by Hooker until after July 4, 1873; that at that time the principal, John H. Daniels, was utterly insolvent and had so continued, and was bankrupt.

Before the failure of Daniels, Hooker had applied to him for payment, but was induced to forbear pressing his demand for immediate payment by a promise on the part Daniels to pay an increased rate of interest — which, however, was never paid, nor was the precise rate agreed upon. It was also admitted that at all times prior to the bankruptcy of Daniels he was solvent, and was able to pay the amount of this certificate upon presentation at his banking office.

We think it was error, on this state of the case, to hold that Gooding was discharged. His guaranty was absolute that the bank would pay on presentation and ten days' notice. The credit was indefinite by the terms of the paper, and at the option of the holder of the certificate. It may be that a security on such paper, after a reasonable time, may have the right to bring the credit to an end by his own affirmative action — by offering to pay himself, or perhaps by a written demand upon the creditor to proceed in the

collection. The creditor, on this paper, was not in any sense the curator of the interests of · the security or guarantor. By accepting this paper he assumed no such position. He owed to him no affirmative duty in this regard ; he made no implied or express contract to assume any such duty. The holder of this paper was not under any obligation to the guarantor to make prompt demand of payment and give notice of non-payment. The judgment must be reversed and the cause remanded for a new trial.

*Judgment reversed.*