BERNHARD PFAELZER

*v.*

HENRY KAU.

*Opinion filed February 17, 1904.*

BILLS AND NOTES—*liability of guarantor not released by payee's negligence in demanding payment.* One who unconditionally guarantees payment of a promissory note at maturity by endorsing it in blank is not released from liability although the payee delays notice of the maker's non-payment until the latter, although solvent at the maturity of the note, has become insolvent and the guarantor is consequently unable to enforce payment against him.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

BINSWANGER & JACKSON, for appellant:

A guarantor, while liable as an original obligor, is entitled to show *laches* as a defense, when he also shows that he would not be required to sustain loss except for such *laches*. The payee of a note cannot neglect to collect from the maker when the maker was financially responsible when the note matured, and neglect even to notify the guarantor that the note remained unpaid, and then, after the maker has become insolvent, throw the

burden upon the guarantor, and thereby cause the guarantor an unnecessary loss by such neglect of ordinary and reasonable diligence on the part of the payee. *Voltz* v. *Harris*, 40 Ill. 159; *Heaton* v. *Hulbert*, 3 Scam. 489.

The above rule is not changed by the later decisions. *Rich* v. *Hathaway*, 18 Ill. 549; *Dickerson* v. *Derrickson*, 39 id. 576; *Parkhurst* v. *Vail*, 73 id. 347;. *Gage* v. *Bank*, 79 id. 62; *Penny* v. *Crane Bros. Manf. Co.* 80 id. 245; *Hooker* v. *Gooding*, 86 id. 60; *Stowell* v. *Raymond*, 83 id. 120.

The text writers and the courts of other States recognize the above rule with respect to *laches* accompanied by resulting damage. 2 Parsons on Bills and Notes, 137; 2 Daniel on Neg. Inst. sec. 1787; 3 Kent's Com. 124; Story on Notes, (6th ed.) sec. 460; Edwards on Bills and Notes, 242; *Reynolds* v. *Douglass*, 12 Pet. 497; *Sabin* v. *Harris*, 12 Iowa, 92; *Farrow* v. *Respess*, 33 N. C. 173; *Bank* v. *Haynes*, 25 Mass. 423; *Lemmert* v. *Guthrie*, 95 N. W. Rep. 1047; *McMillan* v. *Bank*, 32 Ind. 11; *Whiton* v. *Mears*, 11 Metc. 563; *Talbot* v. *Gay*, 18 Pick. 534; *Simons* v. *Steele*, 36 N. H. 80; *Bank* v. *Kercheval*, 2 Mich. 504.

E. P. LANGWORTHY, for appellee:

Where the name of a party not the payee is found written on the back of a note, it will be presumed that he placed it there at the time the note was made, and that he signed it as a guarantor. *Klein* v. *Currier*, 14 Ill. 236; *Boynton* v. *Pierce*, 79 id. 145; *Coal Co.* v. *Crane Bros.* 138 id. 207; *Parkhurst* v. *Vail*, 73 id. 343; *White* v. *Weaver*, 41 id. 409; *Carroll* v. *Weld*, 13 id. 683; *Stowell* v. *Raymond*, 83 id. 120; *Webster* v. *Cobb*, 17 id. 459; *Blatchford* v. *Milliken*, 35 id. 434; *McDonald* v. *Harris*, 75 Ill. App. 111; *Camden* v. *McKoy*, 3 Scam. 437.

An endorsement in blank, like the one in this case, confers authority upon the payee to write above it a guaranty which shall be consistent with the nature of the instrument. *Camden* v. *McKoy*, 3 Scam. 436; *Cushman* v. *Dement*, id. 497; *Webster* v. *Cobb*, 17 Ill. 459; *Maxwell* v.

*Vansant,* 46 id. 58; *Hance* v. *Miller,* 21 id. 636; *Boynton* v. *Pierce,* 79 id. 145.

The liability of a guarantor depends not upon, nor is it in any manner affected by, the solvency or insolvency of the maker of the note, and the question of due diligence is not an element in the case. *Parkhurst* v. *Vail,* 73 Ill. 343; *Stowell* v. *Raymond,* 83 id. 120; *Hooker* v. *Gooding,* 86 id. 60; *Penny* v. *Crane Bros. Manf. Co.* 80 id. 244; *Gridley* v. *Capen,* 72 id. 11; *Pool* v. *Roberts,* 19 Ill. App. 438; *Gage* v. *Bank,* 79 Ill. 62; *Worden* v. *Salter,* 90 id. 160; *Rich* v. *Hathaway,* 18 id. 549; *Klein* v. *Currier,* 14 id. 236; *Hance* v. *Miller,* 21 id. 636; *Holm* v. *Jamieson,* 173 id. 295; *Dickerson* v. *Derrickson,* 39 id. 574; *Ewen* v. *Wilbor,* 99 Ill. App. 132; *Donovan* v. *Griswold,* 37 id. 616.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This was a suit in assumpsit, begun in the superior court of Cook county on March 14, 1901, by appellee, on a promissory note, payable to himself, for the sum of $1500, dated July 27, 1900, due six months after date, with interest at six per cent from date, signed by Leopold Pfaelzer, across the back of which, in blank, appeared the signatures of Bernhard Pfaelzer, the appellant, and Hattie Pfaelzer. All three were made defendants. Appellant alone defended. He interposed the general issue, and a stipulation was made that he should have the right to make any defense under that plea that he could make under any special plea properly pleaded. A trial by a jury resulted in a verdict and judgment for the full amount of the note and interest. Appellant prosecuted an appeal to the Appellate Court for the First District, where the judgment was affirmed, and he now presents the record to this court for review.

Appellee sought to charge appellant and Hattie Pfaelzer as guarantors. Two defenses were interposed, which were submitted to the jury: First, that the signature of

appellant was not placed upon the back of the note until several days after the note had been delivered and the consideration therefor passed to the maker, and there was no consideration for the contract of appellant; and that, in any event, the contract of appellant was that of an endorser, and not that of a guarantor. On these two questions the evidence was sharply conflicting. It is conceded that the facts would not warrant a recovery against appellant if he were an endorser rather than a guarantor. There was no evidence at all to show any consideration for the contract of appellant, evidenced by his signature, except the original consideration for which the note was given.

It is urged that the jury was not properly instructed in reference to the law distinguishing a guarantor from an endorser. The instructions accurately stated the elements necessary to constitute a contract of guaranty between the parties, and the jury were emphatically advised that if Bernhard Pfaelzer was not liable as a guarantor he was not liable at all; that if his signature was placed upon the back of the note in accordance with any contract except a contract of guaranty he was not liable, and that if his signature was not placed upon the note until after the note was delivered he was not liable. We think the instructions correct. The judgment of the Appellate Court is therefore final so far as the defenses to which we have alluded are concerned, and in this court appellant must be considered a guarantor.

Appellant sought to interpose another defense, which did not reach the jury, as the court, on objection, refused to admit the evidence which was offered for the purpose of showing that the maker of the note was solvent at the time of the maturity of the note and remained solvent for a considerable period thereafter, but became wholly insolvent before any demand was made upon him for the payment of the note, before any notice to appellant of such default in payment and before this suit was

brought. The proposition urged upon us is, that while it is not necessary, in order to charge the guarantor in the first instance, to show diligence on the part of the plaintiff or a demand upon the maker or notice of default to the guarantor, still the guarantor may establish an affirmative defense by showing the facts which appellant offered to prove in this case; while the position of appellee is, that it is the duty of the guarantor to pay the note on the day it matures if the maker defaults, and that no *laches* or delay of the payee will affect or alter the liability of the defendant, unless, indeed, the bar of the Statute of Limitations shall have intervened.

The authorities are conflicting on this proposition. This is explained to some extent by the varying terms of the contracts of guaranty with which the courts have dealt. The blank on the back of the note in this case has never been filled up. Appellee presented instructions to the jury on the theory that it was a contract of guaranty, and in view of the subsequent history of the case we necessarily treat it as a contract reading substantially as follows: "For value received I hereby guarantee the payment of the within note at maturity."

Upon such a guaranty it has been held in Massachusetts that the guarantor will be discharged by neglect of the holder to demand payment of the maker and to give the guarantor notice of non-payment, provided the maker was solvent when the note fell due but has since become insolvent. (*Oxford Bank* v. *Haynes*, 8 Pick. 423.) In New York, on the other hand, it is held that the guarantor will *not* be discharged by neglect of the holder to demand payment of the maker and to give the guarantor notice of non-payment, where the maker was solvent when the note fell due and has since become insolvent. *Brown* v. *Curtis*, 2 Coms. 225.

In our own State there is some apparent lack of harmony. The principal case relied upon by appellant is that of *Heaton* v. *Hulbert*, 3 Scam. 489, where this language

was used: "The result of my investigation of this subject is, that it was not necessary for the plaintiff to institute legal proceedings against the maker or endorser of the note, nor to show their insolvency, nor to prove demand and notice of non-payment, in order to establish the liability of the guarantor, but that the defendant might have discharged himself from such liability by showing *laches* on the part of the plaintiff in the collection of his debt and a resulting injury to the defendant, such as an omission to make demand and give notice within a reasonable time, and a loss to the guarantor in consequence of such omission. The doctrine of demand and notice, as applicable to commercial paper, has but this qualified application to guaranties: *Laches*, and a consequent injury, must be shown, and the *onus probandi* rests upon the defendant. It is to be observed, however, that a distinction has been taken between the absolute guaranty of a promissory note, or a sum ascertained and certain, and a letter of credit, with a guaranty which requires acceptance and notice, and what is here said is to be restricted to that class of cases to which the one before the court properly belongs." The only case that has followed the view there expressed is *Voltz* v. *Harris*, 40 Ill. 155, where it is said: "He entered into the contract of guaranty with his eyes open and must perform all its stipulations, unless he can show the appellees have been guilty of some *laches*, by which he has been injured." It will be observed that in neither of these cases was the point now before us squarely presented. In neither of them was there any evidence that the guarantor had been injured or damaged by delay in bringing the action against the principal debtor, and what was said in reference to the effect of *laches* and delay was unnecessary to the decision of either case. In both cases it was objected that the creditor had not given notice of non-payment to the maker, and in each it was held that the payee was not required to give such notice, and in

neither case was there any offer to show insolvency of the principal debtor.

In *Parkhurst* v. *Vail*, 73 Ill. 343, while the statement of the case does not show that the original maker had become insolvent after the maturity of the note, the case seems to have been tried on that theory, and the court, in discussing a refused instruction, used this language: "It is the doctrine of this court, as that of others, that the liability of a guarantor depends not upon, nor is it in any manner affected by, the solvency or insolvency of the makers of the note, and the question of due diligence is not an element in the case. It is an original undertaking by the guarantor that he will pay at all events. This is the life of the doctrine, and therein is it distinguishable from the liability of a mere endorser."

This court has had contracts similar to the one now before us under consideration on several other occasions.

"No legal proceedings are necessary to fix the liability of a guarantor, or to show the insolvency of the maker, or to prove demand or notice of non-payment, or to use diligence against the maker." *Stowell* v. *Raymond*, 83 Ill. 120.

"The creditor, on this paper, was not in any sense the curator of the interests of the security or guarantor. By accepting this paper he assumed no such position. He owed to him no affirmative duty in this regard. He made no implied or express contract to assume any such duty. The holder of this paper was not under any obligation to the guarantor to make prompt demand of payment and give notice of non-payment." *Hooker* v. *Gooding*, 86 Ill. 60.

"The definition of a guaranty, by text-writers, is, an undertaking by one person that another shall perform his contract or fulfill his obligation, or that, if he does not, the guarantor will do it for him. A guarantor of a bill or note is said to be one who engages that the note shall be paid, but is not an endorser or surety. (2 Parsons on Bills and Notes, 117.) If this be so, then he must

be regarded as an original promisor; and this, we believe, is the doctrine of adjudged cases." *Gridley* v. *Capen*, 72 Ill. 11.

Where the maker, Cramer, had left the State and suit was brought against the guarantor, it was said: "By the terms of this guaranty no terms were imposed upon appellee that he should sue the maker or do any other act. He could remain passive, and the guarantor should have looked to it, before Cramer left the State, that he had paid this note." *Worden* v. *Salter*, 90 Ill. 160.

"Any person, whether a party to the note or not, may guarantee its payment by the maker within any time specified, or may impose any terms or conditions to his guaranty which he may choose, and he will only be liable to the holder according to the terms of his agreement. If he guarantee payment, at maturity, to the holder without imposing other conditions, he need not protest or give notice of non-payment or institute legal proceedings to hold the guarantor. If such steps are necessary it is only because they have been imposed by the terms of the contract of guaranty. When the money is not paid according to the terms of the guaranty, the person holding the guaranty has a right to sue upon it and recover of the guarantor." *Hance* v. *Miller*, 21 Ill. 636.

"It is also insisted that notice should have been given to appellant that Kimball had failed to pay the money before he could be held liable as guarantor. There can be no question that where the guaranty is absolute it is the duty of the guarantor to see to the payment of the money. In such a case no demand or notice of non-payment is required, but the holder may institute suit at maturity of the debt without taking any other steps. In *Hance* v. *Miller*, 21 Ill. 636, this rule was recognized. When, however, the guaranty depends upon the happening of a contingent event, it is necessary, when the event has occurred, that notice should be given to the guarantor within a reasonable time. This is manifestly proper,

to enable the guarantor to secure himself against loss. (2 Parsons on Contracts, 174.) But what is a reasonable time depends upon the circumstances of the case. If, however, it is given before loss could occur or the situation of the parties become changed so as to endanger loss, it is believed to be sufficient. If delayed so long as to deprive the guarantor of the means of rendering himself secure it would not be in time and the guarantor would be released." *Dickerson* v. *Derrickson*, 39 Ill. 574.

"Where the payee of a promissory note or third parties execute a contract written on the back of an unconditional promissory note for the payment of money at a specified time, in which they guarantee the payment of the promissory note at maturity, the holder of the note is under no obligation to demand payment of the maker and on default of payment notify the guarantors. The reason is obvious. The contract of the guarantors is absolute and unconditional, and it requires payment by the guarantors upon maturity of the note. This rule is clearly laid down in *Gage* v. *Mechanics' Nat. Bank of Chicago*, 79 Ill. 62, and is well sustained by authority. The principle upon which this doctrine rests is that the contract is absolute, and not conditional or collateral." *Taussig* v. *Reid*, 145 Ill. 488.

It is true, as suggested by appellant, that in none of these cases, with the exception, perhaps, of the *Parkhurst case*, where, after maturity, the principal debtor seems to have become insolvent, and the *Worden case*, where he had evidently gone out of the State after the debt came due, so that process could not be served upon him, does it appear that the guarantor had been in anywise damnified by the failure to give him notice of non-payment, but the reasoning of these cases is like that of the New York Court of Appeals, and is to the effect that the guaranty here under consideration is an absolute agreement by the guarantor that the maker will pay the debt at maturity. The moment the principal debtor is in

default that moment the guarantor is in default, and an action could be immediately brought against him.   It is his duty to pay, and to pay right then.   If it be argued that the payee is negligent for a failure to immediately seek the satisfaction of the obligation which he holds, the guarantor is likewise negligent in failing to meet that obligation, and as he has become responsible for the default of the principal, it seems just, if he does not desire to incur the risk of the principal thereafter becoming insolvent, that he should be diligent himself to meet his obligation and enforce the cause of action against his principal.

*Dickerson* v. *Derrickson, supra,* leads to the conclusion that in this State the rule contended for by appellant applies only where the guaranty is a conditional or collateral one.

The question before us is one in reference to which courts and text writers of the most eminent respectability differ; but in view of the absolute and unconditional character which this court has determined such an undertaking as we here consider bears, we feel ourselves committed to the doctrine that he who guarantees the payment of a promissory note at its maturity by writing his name across the back thereof is not entitled to notice of non-payment, and that if the payee does not give notice of non-payment until the maker, who was solvent at the maturity of the note, becomes absolutely insolvent, the guarantor is not thereby discharged, even though he is obliged to pay the debt, and, as a consequence of the delay, is unable to enforce payment thereof against the principal.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*