## James H. Lomax v. Conrad Witkowsky.

### Gen. No. 12,184.

1. GUARANTOR—*what does not terminate liability of.* A settlement by the guarantor of one delinquency does not discharge him from liability for another existing at the time of such settlement where not known at such time, either to the guarantor or guarantee, no receipt in full having been given.

2. GUARANTOR—*what does not operate as release of.* The release of the guarantor is not effected where money in the hands of the guarantee is paid to the principal debtor with the consent of the guarantor.

3. GUARANTY—*what sufficient consideration to support.* Where the instrument guaranteed does not become operative until the exe-

cution of the guaranty thereof, the consideration for such instrument is the consideration for the guaranty.

Action of assumpsit. Error to the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed January 30, 1906. Rehearing denied February 9, 1906.

LEE, LEE & SCHUCHARDT, for plaintiff in error.

WOLFF & ROTHSCHILD, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This writ of error is prosecuted from a judgment in assumpsit recovered by defendant in error against the plaintiff in error in the Superior Court.

Plaintiff in error was a guarantor upon a lease from defendant in error to one Maney of premises in Chicago. The contract of guaranty was made on the back of the lease in writing under seal. Maney had defaulted for five months in payment of his rent. Plaintiff in error was notified of the default and without raising any question as to the amount thereof procured another tenant, acceptable to defendant in error, for the premises. The new tenant, Mr. Wentworth, purchased Maney's fixtures for $900 and out of this money all the arrears of rent $750 were paid to defendant in error, and the balance of $150 was paid to Maney.

Plaintiff in error and defendant in error supposed, at the time of this settlement, that the failure of Maney to pay rent was the extent of his default, but it was discovered by defendant in error later that Maney had failed to pay the water taxes on the premises for the years 1896 to 1901 inclusive, according to the provisions of the lease. Defendant in error then paid the water taxes. This action was brought to recover the amount so paid.

It is urged by plaintiff in error that by the settlement of the rent he was released as surety.

The evidence shows that at the time of the settlement of the rent in arrears no other claim or demand was discussed.

Nothing was said at that time by any person present regarding the unpaid water taxes. The only person present who knew these taxes were unpaid was Maney and he said nothing on that subject. At that interview no other claim of defendant in error against plaintiff in error was mentioned or in the contemplation of the parties. No formal release of any kind was given. We do not think that Maney was released from this demand. He was given a receipt in full for the rent, but there is no evidence in the record that he was released from his obligation to pay the water taxes or rates. It is true defendant in error at that time thought or supposed the claim for rent was the only claim which he had against plaintiff in error. But parties are not bound by a settlement of this informal character as to matters not then in contemplation and as to which they were ignorant. Todd v. Mitchell, 168 Ill., 199; Devine v. Edwards, 101 Ill., 138.

Plaintiff in error further contends that he is released as guarantor by the laches of the defendant in error for nearly five years in not investigating as to whether the water taxes were being paid. This contention is not supported in law. In Voltz v. Harris et al., 40 Ill., 155, it was held that it was the duty of the guarantor to see that the rent was paid and that he was not entitled to notice of non-payment by the lessee. To the same effect is Welch v. Walsh, 177 Mass., 555.

Plaintiff in error makes the further point that because defendant in error had in his possession the $900 received for the fixtures sold by Maney to Wentworth and turned over $150 of it to Maney, the guaranty of plaintiff in error was discharged. Plaintiff in error, however, was present and consented to the paying over of the money, and we think he cannot now make that act the basis of a discharge or release of the guaranty. Under the facts above stated we do not think it was a release of the guaranty.

We find no error in the ruling of the trial court excluding the evidence offered to prove failure of consideration for the guaranty. We think the evidence shows that the lease to Maney was not perfected and operative until the guaranty

was signed by the plaintiff in error, and that the considera-
tion of the lease was the consideration of the guaranty.

The record shows that no exceptions were taken to the in-
structions.   Errors in the instructions, if any, are not be-
fore us, therefore, for consideration.

We find no reversible error in the record.   The judgment
is therefore affirmed.

*Affirmed.*