## William B. Walrath, Plaintiff in Error, v. Claude E. Andersen, Defendant in Error.

### Gen. No. 20,427.

1. GUARANTY, § 17*—*when lack of notice fails to affect obligation if liability is primary.* In an action on a written guaranty by the assignee of a contract for the sale of real estate on instalments, *held* by the terms of the guaranty the liability was primary so that the assignee was not required to notify the defendant of the principal's default since it was the duty of the guarantor to see that payments guarantied by him were made.

2. GUARANTY, § 27*—*necessity of showing damages through lack of notice of principal's default.* In an action upon a guaranty that certain payments would be made on real estate sold upon instalments, *held*, even if the guaranty be considered collateral rather than absolute, unless the guarantor suffered loss or injury by want of notice of default in such payments, he is liable on his guaranty.

3. GUARANTY, § 1*—*evidence sufficient to support recovery on.* In an action on a written guaranty running to the purchaser of an owner's interest in real estate sold on instalments, evidence *held* to show a right of recovery of the amount claimed upon the guaranty that instalments would be paid to include a certain minimum sum.

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in this court at the October term, 1914. Reversed and judgment here. Opinion filed March 8, 1915.

STEWART JOHNSON, for plaintiff in error.

CASWELL & HEALY, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court. Defendant, Andersen, owned eight houses and lots and contracted to sell them to different persons. The terms as to each lot were a certain amount in cash, balance by the assumption of a mortgage and the excess of the purchase price over the mortgage to be paid in monthly instalments. September 23, 1911, An-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

dersen assigned the contracts and conveyed the lots to plaintiff, Walrath. The instrument by which the contracts were so assigned contains the following provision:

"If any of the contract purchasers default, neglect or refuse to make the payments in accordance with the terms of each respective contract, party of the second part hereby agrees that he will make all of such payments himself out of his own pocket until $400 has been paid on the principal of each respective contract."

In an action by Walrath against Andersen on this guaranty there was a judgment of *nil capiat*, to reverse which this writ of error is prosecuted.

The amount claimed by the plaintiff was $449.31 on three of the contracts of sale so made by Andersen, to-wit, 7407 S. May street, 5615 Hoyne avenue and 1528 47th court. The evidence, we think, shows that there was due on the contracts for the sale of said three lots the full amount claimed by the plaintiff after applying the payments by the purchasers, when made, as between principal and interest in accordance with the provisions of the contracts of sale.

The contention of defendant in error is that the guaranty is a collateral and not an absolute guaranty, and that therefore the plaintiff was required to promptly notify the defendant of the principal's default. In this contention we cannot concur. The debts guarantied were existing debts created by the contracts of sale, and there was not, as in *Taussig v. Reid*, 145 Ill. 488, a doubt whether a debt would ever exist to which the guaranty could apply. By the terms of the guaranty the liability of the defendant was primary and for the payments, "in accordance with the terms of each respective contract." It was the duty of the defendant to see that the payments were made by the persons with whom he had contracted to sell the lots. *Voltz v. Harris,* 40 Ill. 155; *Dickerson v. Derrickson,* 39 Ill. 574; *Pfaelzer v. Kau,* 207 Ill. 116.

If on any ground the guaranty can be held a collateral and not an absolute guaranty, then, unless the evidence shows that defendant suffered loss or injury by want of notice, he is liable on such guaranty. The evidence does not show that he suffered loss or injury for want of notice. All that is shown is that interest accumulated on the contracts, but that is the case whenever a person guaranties in writing the payment of money.

We think the evidence shows a right of recovery of the full amount claimed, and the judgment is reversed with judgment here for $449.31 and costs for the plaintiff.

*Reversed and judgment here.*