ARTHUR D. RICH, PLAINTIFF IN ERROR, v. WILLIAM G. HATHAWAY, Defendant in Error.

ERROR TO COOK.

All intendments will be in favor of the legality of the proceedings when they depend upon matters of fact, unless their existence is denied by bill of exceptions.

The service and notice of an intended motion or step in a cause, at a vacation term, is not a matter of record. Their absence from the record is no evidence that notice was not given.

A party in court, to dispose of a demurrer, must take notice of the orders of the court following thereupon.

A refusal to set aside a default will not be revised, unless the discretion of the court, in doing so, has worked gross injustice.

A simple averment of merits in a defense is not sufficient; the grounds of the defense should be stated.

The liability of a guarantor does not depend upon the diligence used in prosecuting the maker of a note.

A guarantor, signing a note at its inception, adopts the consideration of the note as the consideration for his guaranty.

THIS was an action of assumpsit, brought by Hathaway against Rich, at the October vacation term of Cook Circuit Court.

The defendant below, by his attorneys, filed a demurrer to the declaration of said plaintiff below, on the 28th day of October, in said October term, which was not answered by said plaintiff below.

On the 29th of October the cause was called up for hearing at said vacation term, without notice to the defendant below, or his attorneys; the demurrer was sustained; leave taken by plaintiff below to amend his declaration, which was done, and a rule entered that the defendant below should plead by the next morning.

On the 1st day of November following, a judgment of default was entered against the defendant below, for want of a plea.

On the 19th of November, being then the November term of said court, defendant below moved to set aside the default, and, on the 22d of November, defendant filed affidavits of his attorneys, and of himself; of the want of notice of the proceedings upon the demurrer, and subsequent thereto, and of the rule to plead; also, of a good defense to said action upon the merits. And the said court overruled the motion to set aside the default.

JOHN E. CONE, for Plaintiff in Error.

H. T. HELME and H. F. WAITE, for Defendant in Error.

SCATES, C. J.   The objection taken to the proceedings had at the October term of the circuit court, for want of previous notice to the defendant below, cannot be sustained.

Every intendment will be indulged in favor of the legality of the proceedings when they depend upon the existence of matters of fact, unless their existence is denied by the record, on bill of exceptions.   The service and notice of an intended motion or step, in a cause at a vacation term, is not a matter of record.   They must be so made by bill of exception.   Their absence from the record is no evidence that notice was not given.  · *Iglehart* v. *Pitcher*, 17 Ill. R. 308.

We will, therefore, presume, in this case, to sustain the judgment below, that due notice was served of the intention to submit the demurrer.   Being so in court to dispose of the demurrer, plaintiff must take notice of the orders following thereupon at the term.   He was regularly in default, for want of a plea under the rule.   The refusal of the court to set aside a default, is the exercise of a discretion which we will not revise, at least unless a gross and flagrant abuse of it is shown, of which there is no pretense here.   *Greenleaf* v. *Roe*, 17 Ill. R. 474.

The simple averment of merits in the defense has not been received as a sufficient statement, in affidavits, to set aside defaults.   A full disclosure of the facts and grounds upon which the merits of the defense arise has been usually required and made, so as to enable the court to judge of the merits.

The affidavits set forth no facts which show merits, but general statements only, drawing conclusions, instead of submitting the facts for the judgment of the court upon the question of merits.

The plaintiff has, by his assignment of errors, renewed his objections to the sufficiency of the amended declaration.   But, we think, there is no ground of objection sustainable.   A guaranty is an original, independent undertaking, and does not depend upon the diligence of promise, against, or the solvency of the maker.   *Heaton* v. *Hulbert*, 3 Scam. R. 489 ; *Cushman* v. *Dement*, ibid. 497 ; *Camden* v. *McCoy*, id. 437 ; *Carroll* v. *Weld*, 13 Ill. R.68 3 ; *Klein* v. *Currier*, 14 ibid. 237.

Where the guarantor signs at the time of giving the note, the consideration in the note becomes the consideration of the guaranty, and will support it.   14 Ill. R. 237.

The suggestion of a defense for want of a consideration is, therefore, not full enough to present one available to plaintiff. His set-off is not barred.   So we perceive no ground to suspect any injury to plaintiff by refusal to set aside the default.

*Judgment affirmed.*