SANFORD B. PARKHURST

*v.*

ELIAKIM P. VAIL, Admr., etc.

1. GUARANTY—*of the consideration.* If a party signs his name as a
guarantor upon a promissory note before its delivery to the payee, the con-
sideration of the note will be presumed to be the consideration of the guar-
anty, but if he signs afterwards, then a consideration must be shown.

2. SAME—*presumption as to time of making.* The signature of a third
party in blank on the back of a note in the hands of the payee, is presump-
tive evidence it was placed there as a guaranty at the time of the execution
of the note.

3. SAME—*guarantor not discharged by delay.* The liability of a guaran-
tor of a note continues until the note is barred by the Statute of Limitation,
and he is not discharged by mere delay in bringing suit against the maker.
His undertaking is not conditional, like that of an indorser, but is absolute.

4. SAME—*proof as to time of making.* Proof that, when a surety signed
a note the name of a guarantor was not on it, when it appears that the prin-
cipal maker had not then received the loan for which the note was given, is

insufficient to overcome the presumption that the guaranty was made before delivery of the note.

Appeal from the Circuit Court of Cook county; the Hon. Henry Booth, Judge, presiding.

Messrs. Hervey, Anthony & Galt, for the appellant.

Mr. E. F. Allen, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This was assumpsit, in the Cook circuit court, on a promissory note, executed on the 18th of July, 1857, by Henry A. Parkhurst and Robert L. Wilson, and payable to one Micah Vail, since deceased, six months after date, for the sum of seven hundred dollars. The action is by his administrator.

The declaration alleges that, on the same day of the date of the note, the defendant, Sanford B. Parkhurst, in consideration that said Micah Vail would receive said note so executed, he, by his indorsement in writing on said note by him signed, guaranteed the payment of the money specified in the note, and promised to pay the same according to the tenor and effect thereof, if the same was not paid by the makers at maturity, and further alleging, that said Micah Vail, upon said promise and guaranty thereupon, accepted and received the note.

The cause went to trial before a jury on the general issue, resulting in a verdict for the plaintiff, for the amount of the note and interest. To reverse this judgment the defendant appeals.

There is no dispute that appellant put his name on the back of the note, over which the guaranty was written; the question is, when was it placed there? If placed on the note before it was delivered to the payee, then the law is, the consideration of the note would be legally presumed to be the consideration of the guaranty. This, appellant does not controvert. If placed there after the delivery to the payee, then some proof must be offered of a consideration.

The only testimony in the cause, besides the note, is that of Robert L. Wilson, one of the makers. He testifies, when he signed the note, he is positive that Vail said to him he only wanted his name on the note with Henry A. Parkhurst, and there was no other name on the note than that of Henry A. Parkhurst, when he, Wilson, signed it.

This witness also testifies, when he signed the note, no money was paid by Vail, but Vail said he would go back to H. A. Parkhurst's house, where he would pay the money.

It does not appear that the note was delivered to and accepted by Vail after Wilson put his name to it; nor is there any proof it was ever in his possession until after appellant's name was placed on the back of it. Wilson does not pretend to know what became of it after he signed it. There is no proof the transaction was consummated when Wilson signed the note, but the inference is just and strong, as Vail did not then pay the money, that something further was to be done, and the presumption that the consideration of the note was the consideration for the guaranty, is not rebutted.

In *Webster* v. *Cobb*, 17 Ill. 459, it was said by this court that the signature of a third party in blank on the back of a note in the hands of the payee, is presumptive evidence it was placed there as a guaranty at the time of the execution of the note. *Camden* v. *McCoy*, 3 Scam. 437.

This presumption was not overcome by any testimony in the cause. This being so, the allegation in the declaration is fully sustained.

Some objection is made by appellant on account of the delay in bringing suit upon this note.

It is a sufficient answer to say, appellant being a guarantor, his liability continued so long as the note had life, that is, sixteen years, which time had not expired at the time of the commencement of the suit.

Another objection made is, that the second instruction asked by appellant was modified in such manner as to mislead the jury. The instruction asked was as follows:

"Unless the jury shall find, from the evidence, that the name of the defendant, S. B. Parkhurst, was on the back of the note before it was delivered to Micah Vail, and that the liability of the defendant was a part of the consideration for the loan to Henry A. Parkhurst, then the jury should find for the defendant, unless they shall find, from the evidence, that a new consideration passed from Vail to the defendant."

As modified, the instruction, as given, was as follows:

"Unless the jury shall find, from the evidence, that the name of the defendant, S. B. Parkhurst, was on the back of the note before it was delivered to Micah Vail, (or if placed there afterwards,) then that the liability of the defendant was a part of the consideration for the loan to Henry A. Parkhurst, then the jury should find for the defendant, unless they shall find, from the evidence, that a new consideration passed from Vail to the defendant."

We can not think the insertion of the words "or if placed there afterwards," could have misled the jury from the issue they were trying, and from the real question before them. Had there been any proof that Vail advanced the money to Henry A. Parkhurst when Wilson signed the note, there would be a strong presumption that the note thus signed was then and there delivered to Vail, and a concurrent presumption might arise that appellant put his name on the back after such delivery, in which event a consideration would have to be proved, unless it should have been shown that it was then and there the agreement of the parties that appellant should guarantee the note.

Even if, as contended, there was no evidence to support the modification, still, if the jury could not have been and were not misled by it, the judgment should not be reversed. But the modification does not change the instruction to the defendant's prejudice, but is in his favor.

When the instructions are considered, it is impossible to believe the jury were misled, especially in view of the first

instruction asked by appellant and given by the court. It is as follows:

"If the jury believe, from the evidence, that the defendant in this case placed his name on the back of the note in suit, after the note transaction was completed, and the note had been delivered to the payee, Micah Vail, then the jury are instructed, as matter of law, that a new consideration must be alleged and proved to support this action, and no evidence having been offered of any new consideration, the jury should find for the defendant."

It is also complained that the court refused to give appellant's third instruction. It was as follows:

"If the jury shall believe, from the evidence, that Robert L. Wilson, one of the makers of the note in question, was entirely solvent, and able to pay, at and for a long time after the maturity of the note, and that, by the exercise of reasonable diligence, the amount of note could have been made, then, if such reasonable diligence was not used, the plaintiff can not recover, and the jury should find for the defendant."

It is the doctrine of this court, as that of others, that the liability of a guarantor depends not, nor is it in any manner affected by the solvency or insolvency of the makers of the note, and the question of due diligence is not an element in the case. It is an original undertaking by the guarantor that he will pay at all events—this is the life of the doctrine, and therein is it distinguishable from the liability of a mere indorser. The instruction was properly refused. In considering the whole case, we are satisfied the evidence sustains the verdict, and there is no substantial error in the instructions.

The judgment is therefore affirmed.

*Judgment affirmed.*