# LAURA M. PENNY

## v.

# CRANE BROTHERS MANUFACTURING COMPANY.

1. GUARANTOR—*liable without regard to solvency or insolvency of maker.* The liability of the guarantor of a promissory note, whose guaranty is absolute and unconditional, does not depend upon the solvency or insolvency of the maker or indorser, and the holder is not required to institute any proceedings against the maker.

2. SAME—*not released by payee taking collateral security.* Taking a note as collateral security to another note, upon which there is an absolute guaranty, and transferring the collateral note, the original all the time remaining in the hands of the payee, does not release the guarantor.

APPEAL from the Superior Court of Cook county; the Hon. J. McROBERTS, Judge, presiding.

Messrs. COOPER, GARNETT & PACKARD, for the appellant.

Messrs. CRANE & TATHAM, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the Superior Court of Cook county, by Crane Brothers Manufacturing Company against Laura M. Penny, as guarantor of a promissory note made by the firm of Penny, Weeks & Company to I. J. Spalding & Company, for eighteen hundred dollars, payable forty days after date, at the First National Bank, with interest thereon at ten per cent, and indorsed to plaintiff.

The defendant filed three special pleas, upon which issues were made up, and afterwards, by leave of the court, filed the plea of the general issue.

The cause was tried by a jury, and resulted in a verdict for the plaintiff, on which, a motion for a new trial having been overruled, judgment was rendered. To reverse this judgment the defendant appeals.

Two points are raised by the pleadings: First, that defendant was discharged by reason of the *laches* of the plaintiff in

failing to prosecute the makers of the note; that plaintiff should have proceeded against them, they having property subject to execution—citing *Allison* v. *Waldham*, 24 Ill. 132, in support of this position.

In the opinion of the court in that case, this language is used: "The evidence shows that the plaintiff should have sued the maker of the note, and tried, at least, to have collected the debt, before resorting to this special guarantor."

What was the extent or terms of this special guaranty, the case does not inform us. They may have required the maker of the note should be prosecuted to insolvency before the guarantor should be liable. It could not have been an unconditional guaranty, for this court had held in *Heaton* v. *Hulbert*, 3 Scam. 489, that the liability of a guarantor whose guaranty was absolute and unconditional, as in this case, does not depend upon the solvency or insolvency of the maker or indorser of a note, and the holder is not required to institute any proceeding against the maker. The same doctrine was held in *Rich* v. *Hathaway*, 18 Ill. 548, and again in *Pankhurst* v. *Vail*, *Admr.* Sept. T. 1874. This, we believe, is the accepted doctrine of all courts.

The next point is, that taking a new note for fifteen hundred dollars as collateral security for the balance due on the note in suit, and the transfer of the collateral note, before its maturity, to the First National Bank, the note in suit all the time remaining in the possession, custody and control of appellees, and no transfer thereof having been made to the bank, without the knowledge or consent of appellant, discharged her from liability on her guaranty.

Appellant claims, the rule is that the holder of the paper must hold himself in readiness to give the guarantor an immediate right of action against the maker of the note, at any time the guarantor chooses to pay up the claim.

This was the ground assumed by appellant in her second special plea, which alleged that appellees agreed with the makers of the note in suit, after it became due and payable, to receive and accept of them a promissory note for the amount then re-

maining due and unpaid, as and for collateral security for this note, and that the makers of this note in suit made another note, dated July 3, 1873, whereby they promised to pay, two months after its date, to the order of H. I. Robinson, the sum of fifteen hundred dollars, at No. 91 Washington street, for value received; that Robinson indorsed and delivered this note to plaintiff, and that plaintiff accepted it as and for the note in suit as collateral security, without the consent of the defendant, and that plaintiff afterward sold, transferred and delivered this note to the First National Bank of Chicago, and which then and there became the property of that bank, (and without any notice to the bank that the note was executed and delivered merely as collateral security for the note in suit,) and so remained the property of said bank until the maturity thereof.

The facts here stated were traversed by the plaintiff's replication, and, on the trial by the jury, the object and intention of the giving the second note, and its transfer to the bank, was for the consideration and determination of the jury. The claim of appellant is, this Robinson note was received by the plaintiff in payment of the balance due on the note in suit, and asked this instruction, which was given:

"If the jury believe, from the evidence, that by the agreement between the plaintiff and Penny, Weeks & Company, the note for $1500, introduced in evidence, if paid at maturity, was to be payment of the balance due on the 3d day of July, 1873, on the note for $1800, then the defendant was discharged from her liability by the taking such new note, and the verdict must be in her favor."

The finding of the jury negatives this hypothesis, and is conclusive the Robinson note was received with no understanding or agreement it was to be in discharge of the note in suit. From all that appears in this record, this note was held as collateral, merely, to the note in suit, and though discounted by the bank, was at maturity, not being paid by the makers, returned to the plaintiffs, who offer it in court to be surrendered.

Admitting the note to be as claimed by appellant, she always had it in her power to sue the makers of this note she guaranteed. It was never, at any time, out of the possession and control of appellees, and all she had to do was to call at their house of business and take it up. She was never, for one moment, prevented of a timely action against the makers. Appellant is mistaken in supposing her right of action against the makers of this note was, at any time, suspended. On its maturity she could have paid it and then brought her action—there was no obstacle in her way. The note of Robinson was received only as collateral, and taking it as such could not, by any possibility, release this note. The jury, under a proper instruction, have found the note was taken as collateral only, and we know of no rule of law forbidding the holder of a guaranteed note taking collaterals.

It is true, as argued by appellant, if one takes a note for goods sold and delivered, or for a like consideration, and the vendor transfers the note by indorsement, placing the title in another, the vendor can not recover on the original consideration; and that is the doctrine of the case of *Harris* v. *Johnston*, 3 Cranch, 311, cited by appellant. And the reason is obvious, the vendor might be subject to two judgments: the one on the original consideration, the other on the note outstanding in the hands of another party, and double satisfaction might be received.

Admit, as argued by appellant, that when a debt is transferred as collateral security for another debt, the creditor becomes the agent for the collection, and the amount collected, after deducting proper charges, is a proper credit on the debt intended to be secured, how does this affect appellees' right to recover in this case, so far as appellant is concerned? It is, most clearly, for her interest, the debt she has guaranteed should be reduced to the smallest dimensions before a recovery is sought against her. Whatever amount, then, appellees might have collected or did collect on the Robinson note, would go to her credit. She certainly can not complain of such a transaction.

The proof is quite conclusive, in this case, that the note was taken as collateral and not as a conditional payment.

The undertaking of appellant being absolute and unconditional, and the Robinson note being received by appellees as collateral only, appellant can not escape from her guaranty.

'As to the instructions, we are of opinion they were properly disposed of by the court, and, finding no error in the record, the judgment must be affirmed.

*Judgment affirmed.*