## LORENZO STOWELL

*v.*

## THOMAS RAYMOND.

1. GUARANTY—*presumption from name indorsed on note.* If a promissory note in the hands of the payee has upon its back the signature in blank of a third person, the presumption, in the absence of proof, is, that such person indorsed as a guarantor, but this presumption may be rebutted by clear and satisfactory proof of a different intention.

2. SAME—*proof, to rebut presumption.* Proof that the indorser's name was put upon the note for the purpose of becoming liable as security that the maker should be responsible for the payment of the note, and that the indorser refused to sign as maker, will not rebut the presumption of a contract of guaranty.

3. SAME—*nature of undertaking.* No legal proceedings against the maker of a note are necessary to fix the liability of a guarantor, nor is it necessary to show the insolvency of the maker, or to prove demand or notice of non-payment, or to use diligence against the maker.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Messrs. HOWE & RUSSELL, for the appellant.

Mr. S. K. DOW, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was *assumpsit*, in the circuit court of Cook county, by Lorenzo Stowell, plaintiff, and against Thomas Raymond, defendant, charging a liability as guarantor of a promissory note executed by one T. D. Hull, and Charles Wheeler, to the plaintiff, and delivered to plaintiff after the same was endorsed by defendant. The plea was, *non assumpsit*, accompanied by the usual affidavit of merits. The jury found for the defendant, and the court rendered a judgment against the plaintiff for the costs, to reverse which he appeals.

The only question made on the record is as to the nature and character of the defendant's undertaking, and the proof admissible to establish it. The note was made by Wheeler and Hull to Lorenzo Stowell, and before it was delivered to the payee the defendant placed his name thereon. It has been often held by this court, if a note in the hands of the payee has upon its back the blank signature of a third person, the presumption, in the absence of proof, is, that such person endorsed as a guarantor. This presumption obtains in this case, but the defendant was at liberty to show what was the real agreement of the parties, and what was the precise liability to be assumed. *Lincoln* v. *Hinzey*, 51 Ill. 435.

We understand it to be the settled doctrine of this court, that an endorsement in blank, like the one in question, confers authority upon the payee of the note to write above it a guaranty, if that was the nature of the agreement and the intention of the parties. *Camden* v. *McKoy*, 3 Scam. 437; *Cushman* v. *Dement*, ib. 497.

What will rebut the presumption arising from such endorsement? Proof that the name was put there for the purpose of becoming liable as security that the makers should be responsible for the payment of the note, and that this endorser refused to sign as maker, will not rebut the presumption; and this is the substance of the testimony on behalf of defendant. Such proof is not sufficient to rebut the presumption. *Cushman* v. *Dement, supra.*

We hold, in order to rebut the legal presumption, the proof must be clear and satisfactory as to a different intention. The proof before us is not of that character. It goes to establish this undertaking: if the makers of the note do not pay it, the indorser will, and is an absolute guaranty.

No legal proceedings are necessary to fix the liability of a guarantor, or to show the insolvency of the maker, or to prove demand or notice of non-payment, or to use diligence against the maker. *Heaton* v. *Hulbert,* 3 Scam. 489; *Rich* v. *Hathaway,* 18 Ill. 548; *Parkhurst* v. *Vail, Admr.* 73 Ill. 343.

The verdict and judgment are against the law and the evidence, and the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*