## John B. Brown
### v.
## Anton L. Reasner et al.

1. Promissory note—Indorsement by third party.—Where the name of a party not the payee of a promissory note, is found upon the back of the note, it will be presumed that he indorsed it as guarantor. This presumption may be rebutted by proof that such was not the agreement, but in order to rebut such presumption the proof of a different intention must be clear and satisfactory.

2. Proposition.—Plaintiffs wrote the defendant, returning the notes he had sent them and saying: "The notes ought to have been made payable to you and then you indorse them to us. * * * If you cannot discount them, and will indorse them to us legally we will accept them." The notes were made payable to a third party, and on receipt of this letter, the defendant wrote his name across the back and returned them to plaintiffs, who retained them until suit brought. Held, that plaintiffs' proposition was for a simple nd orsement, but it was superseded by defendant's counter proposition to become a guarantor, as indicated by writing his name across the back of the note, and this proposition having been accepted by plaintiffs, they were justified in writing the guaranties over defendant's signatures.

Appeal from the Circuit Court of Cook county; the Hon. W. K. McAllister, Judge, presiding. Opinion filed January 7, 1880.

Messrs. Cooper, Packard & Gurley, for appellant; that where the name of a third party is written on the back of a note, the holder is authorized to write over it only such a contract as is consistent with the intention of the parties, cited Maxwell v. Vansant, 46 Ill. 58; Allen v. Coffil, 42 Ill. 294; Webster v. Cobb, 17 Ill. 459; Camden v. McKoy, 3 Scam. 437.

The presumption that it is a guaranty is only *prima facie*, and may be rebutted by parol evidence : Eberhardt v. Page, 11 Chicago Legal News, 193; Boynton v. Pierce, 79 Ill. 145; Stowell v. Raymond, 83 Ill. 120; Lincoln v. Hinzey, 51 Ill. 435; Cushman v. Dement, 3 Scam. 497.

The written correspondence between the parties forms a part of the contract : Stover v. Metzgar, 1 Watts Serg. 269.

The construction of the contract is for the court : Streeter v. Streeter, 43 Ill. 155.

The law of the place where the contract was made is to govern : Roundtree v. Baker, 52 Ill. 241; Sherman v. Gassett, 4 Gilm. 521; Stacy v. Hitt, 1 Scam. 417; Bradshaw v. Newman, 1 Breese, 133.

As to the rule for construction of contracts : 1 Parsons on Contracts, 501; Findley v. Findley, 11 Gratt. 434; Ellmaker v. Ellmaker, 4 Watts, 89; Canterbury v. Miller, 76 Ill. 355; Benjamin v. McConnell, 4 Gilm. 536.

If the contracting party uses language of doubtful meaning he cannot complain if a construction favorable to the other party is made : Massie v. Belford, 68 Ill. 290; McCarty v. Howell, 24 Ill. 341; Walker v. Kimball, 22 Ill. 537.

The defendant's liability was that of indorser simply: Rev. Stat. 1874, 719.

Mr. G. W. PLUMNER, for appellee; that the law presumes a guaranty, and to rebut this presumption, the proof must be clear and decisive of a different intention, cited Camden v. McKoy, 3 Scam. 437; Cushman v. Dement, 3 Scam. 497; Stowell v. Raymond, 83 Ill. 120; Webster v. Cobb, 17 Ill. 459; Carroll v. Weld, 13 Ill. 683; Kline v. Currier, 14 Ill. 237; Hance v. Miller, 21 Ill. 639; Blatchford v. Millikin 35 Ill. 434; White v. Weaver, 41 Ill. 409; Dietrich v. Mitchell, 43 Ill. 40; Glickauf v. Kauffman, 73 Ill. 378; Lincoln v. Hinzey, 51 Ill. 435; Boynton v. Pierce, 79 Ill. 145; Parkhurst v. Vail 73 Ill. 343; Penny v. Crane Bros. M'f'g. Co. 80 Ill. 244; Gridley v. Capen, 72 Ill. 11.

BAILEY, P. J. This was an action of assumpsit, brought by

Anton L. Reasner, and William F. Reasner against John B. Brown, upon his guaranties of two promissory notes, one for the sum of $443.26, payable to the order of the plaintiffs, and the other for the sum of $231.74, payable to the order of one James Muse, and by him assigned to the plaintiffs, both of said notes being made by one Douglas S. Taylor, bearing date February 15, 1876, and due four months after date, with interest at the rate of ten per cent. per annum after maturity, On the back of each of said notes there appears written the name of the defendant, and over it a guaranty of payment of the note at maturity. The defendant filed sworn pleas denying the execution of the guaranties, and on trial before the court without a jury, the issues were found for the plaintiffs, and judgment rendered in their favor against the defendant for $870.88 and costs.

The facts, as shown by the record, are substantially as follows: In the fall of 1875 the defendant was engaged in constructing certain levees for the city of Indianapolis, Ind., under a contract with the city. This contract was originally let to said Muse, but was subsequently assigned by him to the defendant, Muse remaining in charge of the work as superintendent. The contract proved to be a losing one, and at the close of the season the defendant was indebted to Muse for services rendered in a sum which, with certain interest thereon, amounted to $231.74, and to the plaintiffs for supplies and materials furnished, and interest, in the sum of $443.26. For the purpose of raising the means to pay this indebtedness, the defendant entered into a negotiation with said Taylor, who then resided at South Chicago, Ill., to take certain cars and track used in said work and still remaining at Indianapolis, in the custody of said Muse, after the same should be shipped to him at South Chicago, and use them in certain improvements then in contemplation there, and advance to the defendant for the use of the same, a sufficient amount to pay his indebtedness to the plaintiffs and to Muse. The result of these negotiations is shown by the correspondence between the defendant of the one part and the plaintiffs and Muse of the other part, which followed.

On the 21st day of January, 1876, the defendant wrote to Muse, saying that he had just succeeded in leasing said property, whereby he could straighten up said Muse's and the plaintiff's matters, and requesting him to load and ship said cars and track. Three days later he wrote to the plaintiffs, saying: " I have at last succeeded in arranging for the payment of the amount due you, by renting the track and a portion of the cars at Indianapolis. I have written to Mr. Muse to load and ship them, and hope to get the matter closed up in a few days. I have arranged with the party to give his notes now in settlement of the rent for the next three months, which can be discounted, and your matter closed up; also Mr. Muse's."

On the 3d day of February following the defendant again wrote to Muse, acknowledging the receipt of a letter from him, and enclosing a small sum of money to pay the expense of loading said property. In this letter he says: "As soon as it (the cars and track) is unloaded, will make up account and send you the paper I get in settlement."

On the 16th of February, the day following the date of said notes, the defendant wrote to both Muse and the plaintiffs, enclosing to them said notes of Taylor, without any indorsement. In his letter to the plaintiffs he says: "As I said to you when here, I had arranged to lease the stuff which Mr. Muse shipped awhile ago to Mr. Taylor of South Chicago, who agreed to advance enough to take care of your account and Mr. Muse's. Owing to some unavoidable things, the settlement has been delayed until to day. He gives me his note to your order dated yesterday at four months, for your amount, including interest at ten per cent. per annum from the maturity of your account, until the maturity of the, note which I enclose to you in settlement, amount being $443.26. Hoping this will be found correct and satisfactory, I am," etc. In the letter to Muse, after explaining the delay in making the settlement, he says: "As I told Mr. Reasner the day he was here, I leased this stuff to Mr. Taylor, who owns a large amount of property in South Chicago which he is going to improve with these cars, and got him to advance

enough to pay off you and Mr. Reasner. I got nothing out of it whatever—everything going to you. Enclosed is a note of D. S. Taylor to order of James Muse, in settlement of my account with you."

On the day following, Muse, acting both for himself and on behalf of the plaintiffs, returned said notes to the defendant and wrote as follows:

"Mr. Reasner and myself received this morning, each of us, a note for the amount due us, endorsed by D. S. Taylor, and as we don't know anything about Mr. Taylor, and as the note is not endorsed by you, if we accept them, it is a releasing you of all responsibility to us; therefore we don't accept them, and send them back to you, as we cannot use them on our debts. The notes ought to have been made payable to you, and then you endorse them to us. In the shape they are, that amount will be dead stock to us for four months. Can't you discount them there, and send us the money, as it is needed badly? If you cannot discount them and will endorse them to us legally, we will accept them."

The defendant thereupon wrote his name across the back of each note, and returned them to Muse, with a letter, in which he says: " I return the notes to you, having endorsed them as you request, although I do not feel it required, as Mr. Taylor is a large property-owner." After receiving the notes thus returned, both Muse and the plaintiffs retained the same without any further correspondence with the defendant, and afterwards wrote over the defendants' signatures the guaranties in suit.

The rule of law is settled by a uniform course of decisions in this State, that where the name of a party not the payee of a promissory note is found written on the back of the note, it will be presumed that he indorsed as guarantor. This presumption may be rebutted by proof that such was not the real agreement between the parties, but in order to rebut the presumption, the proof of a different intention must be clear and satisfactory. Stowell v. Raymond, 83 Ill. 120.

In this case the only proof of the character in which the defendant put his name on the notes in question is found in the letters above set forth. These letters fail to show any agree-

ment on that subject prior to the first transmission of the notes to the plaintiffs. On the contrary, the plaintiffs were led to suppose that the defendant would either obtain from Taylor the cash to pay his indebtedness to them, or get Taylor's notes discounted, and thus raise the money to make such payment.

When the notes were sent to the plaintiffs, they refused to receive them, as they were offered in payment of their demands against the defendant, for the reason that by so doing they would discharge him from his liability to them, and accept instead the liability of Taylor, of whom they knew nothing. Accordingly, in their letter returning the notes, they suggested that the notes ought to have been drawn payable to the defendant and endorsed by him to them, and then made to him the proposition that if he would endorse the notes to them legally they would accept them.

What the plaintiffs meant by proposing that the notes should be endorsed to them legally, when taken in connection with their previous suggestion as to the proper manner and form of making the transfer, can scarcely admit of doubt. Their understanding of a legal endorsement of a note manifestly was an endorsement by the payee, and in order to accept their proposition, as the same was made, it was incumbent on the defendant to obtain a re-execution of the notes by Taylor, with his own name inserted as payee, and then endorse them to the plaintiffs.

The defendant could avail himself of this proposition only by accepting it precisely according to its terms. This he did not do. It is true in his letter returning the notes he claimed to have endorsed them according to the plaintiffs' request. His claim however did not make such the fact. He had become a party to the notes in a manner variant from that proposed by the plaintiffs, and his so doing was in the nature of submitting to them for their acceptance a counter proposition, differing materially from the one offered by them. The plaintiffs' proposition was thereby superseded and a proposition to become a guarantor substituted in its place. The plaintiffs, by retaining the notes without further objection, accepted this latter proposition, and it thereby became the contract actually consumma-

ted between the parties.   The plaintiffs were therefore justified in writing the guaranties over the defendant's signatures.

We think that the judgment of the court below is in accordance with the evidence in the record, and will therefore be affirmed. ·                                    Judgment affirmed.

McAllister, J., took no part in the decision of this case.