ALBERT M. POOL

v.

JOHN ROBERTS.

GUARANTY—NOTICE.—Where there is an absolute, unconditional agreement by the guarantor that the note shall be paid at maturity, upon the failure of the maker to pay it at maturity the agreement is broken and the guarantor may be sued at once on his guaranty, without first being notified of non-payment.

APPEAL from the Circuit Court of Marshall county; the Hon. N. M. LAWS, Judge, presiding. Opinion filed April 5, 1886.

Mr. E. J. RILEY, and Messrs. BARNES & BARNES, for appellant ; that the guarantor should receive notice of the default unless the maker is insolvent, cited 2 McLean's R., 21; Story on Promissory Notes, § 460 ; President, etc., v. Haynes, 8 Pick. 423 ; Oxford Bk. v. Hayes, 8 Pick. 427.

Mr. P. S. PERLEY, for appellee ; that notice was not necessary, cited Brown v. Curtis, 2 N. Y. Court of Appeals, 225; Dickerson v. Derrickson, 39 Ill. 574 ; Parkhurst v. Vail, 73 Ill. 343 ; Gage v. Mechanics' Nat. Bk., 79 Ill. 62 ; Stowell v. Raymond, 83 Ill. 120.

Pool v. Roberts.

Lacey, P. J. This was a suit by the appellee against appellant, based on the guaranty by the appellant of the payment at maturity of a certain promissory note for the sum of $500 given by J. L. Jones to appellant, and dated Feb. 13, 1882, due in one year from date.

The first and second pleas were pleas of payment upon which issue was joined. The appellant then pleaded the 3d, 4th, 5th, 6th and 7th pleas as amended, which were severally demurred to by appellee. The court sustained the demurrer, and the appellant abided his pleas. The parties then waived a jury and the cause was tried by the court, and finding in favor of appellee, and judgment against appellant for the sum of $592.22, the amount of the note and unpaid interest. The action of the court in sustaining the demurrer to the several pleas is assigned for error.

We do not think the assignment of error is well taken as to the action of the court in sustaining the demurrer to either plea.

By the 3d, 4th and 5th pleas the appellant attempted to set up as a defense to the collection of the note that the appellee, the indorsee of the note, to whom it was guaranteed by appellant, in addition to the indorsement, for valuable consideration passing between appellee and the maker without the consent of appellant, agreed with the maker to extend the time of its payment.

These pleas if properly pleaded would undoubtedly have been good, but in this we think each entirely failed. Neither of the several pleas set out the contract so that the court could see that there was any consideration for the agreement to extend the time of payment. Only by inference could it be held that there was any averment of consideration, and in all cases where a plea or other pleading is ambiguous or of doubtful meaning, courts construe the pleading most strongly against the pleader.

The third plea fails to aver that the one year's interest, the payment of which is relied upon as a consideration to support the promise, was paid in advance, or in fact paid at all, except by the way of recital, using the word "paying." If

this interest was paid, and it was the year's interest past due, then there was no consideration; besides, it is not good pleading to aver a fact by way of recital merely.

The fourth plea fails to aver that the $40 relied upon as consideration for the extension of time was in fact paid by the maker to the appellant for and in consideration of such extension. Therefore the agreement to extend was bad for want of consideration. The fifth plea also fails to charge that the $40 was paid or agreed to be paid as a consideration for extension, and it also fails to aver that Jones, the maker, agreed to keep the money called for by the note. To make a promise for a promise a good consideration, the maker must agree to keep the money for the length of time to which the note is extended, and in consideration of such promise the payee or indorsee must agree to extend the time as agreed between them. This plea makes no such averment. Each of these pleas were bad and obnoxious to general demurrer. The sixth and seventh pleas set up that at the maturity of the note the appellee failed to notify the appellant of the non payment of the note or to demand payment of the maker; that the maker was good and solvent at its maturity, and so continued for considerable time thereafter, but afterward became insolvent, by means whereof the appellant failed to secure himself as he might have done, and the appellee failed to secure his pay, which he might have done if he had demanded the money, etc. These pleas were bad, and the demurrer properly sustained to them. The agreement of guaranty was primary, and not a secondary one. It was also based on an independent consideration from the original consideration of the note, or at least on a valuable consideration. Appellant undertook to see that the note should be paid at maturity. There was no such condition in this agreement as that the appellee should demand payment of the maker or make any effort to collect it, much less in case of failure to do so and loss occurred on account of it, that the appellant should be released.

It was an absolute unconditional agreement that the note should be paid at maturity. Upon the failure of the maker to pay it at maturity, the appellant's agreement was broken.

Pool v. Roberts.

He might be sued at once on his guaranty without first being notified of non-payment. It is true that some courts have held differently, notably in Massachusetts. The President, etc., v. Haynes, 8 Pick. 423. But the doctrine announced in this case was referred to and disapproved in Brown v. Curtis, N. Y. Rep. 225 (Court of Appeals.) Also see Allen v. Rightmere, 20 Johns. 365.

The courts in Maine and Pennsylvania agree with those of Massachusetts; the authorities are conflicting, but the Supreme Court of this State is in accord with the New York courts and others which hold like it and are conclusive. Harker v. Goodwin et al., 86 Ill. 60 ; Valtz v. Harris, 40 Ill. 159; Stowell v. Raymond, 83 Ill. 120 ; Parkhurst v. Vail, 73 Ill. 343 ; Gage v. Merch. Nat. Bank of Chicago, 79 Ill. 62 ; Dickerson v. Derrickson, 39 Ill. 574 ; Warden v. Slater, 90 Ill. 160.

It is claimed by appellant's counsel that the exact point has not been decided by the Supreme Court of this State. We think in this he is in error, so far as the principle is concerned. In Stowell v. Raymond, 83 Ill., *supra*, the court, by Judge Breese, who wrote the opinion, uses this language : " No legal proceedings are necessary to fix the liability of a guarantor, or to show the insolvency of the maker, or to prove demand or notice of non-payment, or to use diligence against the maker," quoting Heaton v. Hulbert, 3 Scam. 489 ; Rich v. Hathaway, 18 Ill. 548 ; Parkhurst v. Vail, *supra.* Why is it not necessary to show demand and notice of non-payment? Simply because the law does not require it. If the holder of a guaranteed note is under no legal obligation to demand payment of the maker, or notify the guarantor of non-payment, in order to entitle him to payment or to bring suit, why is it that he should suffer loss on account of the failure on his part to do a thing that he was under no legal obligation to do? Neither is he bound to use diligence, the court say. The failure to use diligence in not notifying appellant of non-payment, and in not demanding payment of the maker, and in not getting the note probated against the estate of J. L. Jones, deceased, are averred as grounds for defense to the suit on the

guaranty. We hold that appellee was under no legal obliga-
tion to use any diligence or to demand payment or notify ap-
pellant of non-payment; and not being required to do these
things by law, the loss from failure can not be visited on him.
There being no error in the proceedings, the judgment is
affirmed.

Affirmed.