DAVID H. DONOVAN

v.

J. WALL GRISWOLD AND B. FRANK GRISWOLD.

*Negotiable Instruments—Guaranty—Presumption of.*

1.   The presumption of guaranty arises where a stranger to a note writes his name upon the back thereof in blank.
2.   This presumption may be overcome, but the burden of proof is upon the person so signing.
3.   Whether a guaranty was absolute or special is a question of fact.
4.   An absolute guaranty does not depend upon the use of diligence by the holder.

[Opinion filed February 10, 1891.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Messrs. Miller, Starr & Leman, for appellant.

Mr. Parke E. Simmons, for appellees.

Waterman, J.  Appellant, before its delivery, wrote his name upon the back of a promissory note, made by one F. M. Bowes, payable in four months after date, to the order of Griswold Brothers.

The question presented to the court below was whether, under the circumstances attending such writing, he became a guarantor.  Presumptively he placed his name there as a guarantor; this presumption may be overturned, but the burden of so doing is on the party who thus places his name upon a promissory note.  We see no reason for holding the conclusion of the court below upon this controverted question of fact to have been unwarranted.

Whether the guarantee was absolute or special was a question of fact, and the finding of the court below as to this matter was fully justified by the evidence.

An absolute guaranty does not depend upon the use of diligence by the holder.  Penny v. Crane Bros. Mfg. Co., 80 Ill. 244; Stowell v. Raymond, 83 Ill. 120; Parkhurst v. Vail, 73 Ill. 343.

The judgment of the court must be affirmed.

*Judgment affirmed.*