## Mexican Asphalt Paving Co. and C. E. Sayler v. John B. Love and S. Arthur Love.

1. PROMISSORY NOTES—*Presumptions as to Indorsements.*—Where a stranger to notes indorses them about the time of their execution by the maker, and before their delivery to the payee, the presumption is in the absence of evidence to the contrary, that he indorsed as guarantor, and that the consideration for the notes was also the consideration for the guaranty.

2. SAME—*Existence of Payee Implied from Execution of Note,*—Persons signing and indorsing a promissory note payable to an association or company impliedly state and hold out to the commercial world that there is an association of the name used capable of being the payee of a promissory note and of directing by indorsement its payment to a third person.

3. SAME—*Person Taking Note as Payment of a Debt is an Indorsee for Value.*—The indorsee of a promissory note before its maturity, taking it as payment for a pre-existing debt, is a holder for a valuable consideration and takes the note free from defenses which might have been made against the payee had there been no assignment.

**Assumpsit,** on two promissory notes. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed January 27, 1898.

WALTER SAYLER, attorney for appellants. F. W. COOMBS of counsel.

HAMLINE, SCOTT & LORD, attorneys for appellees.

"The signature of a third party indorsed in blank on the back of a note in the hands of a payee is presumptive evidence that it was placed there as a guarantee at the time of the execution of the note." Kankakee Coal Co. v. Crane Bros. Mfg. Co., 138 Ill. 207.

If placed on the note before it was delivered to payee then the law is that the consideration of the note would be legally presumed to be the consideration of the guaranty. Parkhurst v. Vail, Adm'r, 73 Ill. 343.

Even with a sworn plea on file all that was necessary for plaintiffs to prove was the signature of Sayler. Boynton v. Pierce et al., 79 Ill. 145.

But in this case Sayler himself testifies that he indorsed and delivered these notes to Critchfield (the president of the Mexican Asphalt Company) before they were delivered to the Norristown Range Boiler Works (the payee).

It was optional with plaintiff to fill up a written guaranty over the blank indorsement. Boynton v. Pierce,

79 Ill. 145. The filling up of the blank guaranty is a mere matter of form and may be dispensd with altogether unless objection was made below on that account. Gilham v. The State Bank, 2 Scam. 245; Laflin v. Sherman, 28 Ill. 391.

Being a guarantor it was unnecessary to prove legal proceedings, insolvency of maker, or demand, or notice of nonpayment, or diligence against maker as would be the case were suit brought as against an indorser. Stowell v. Raymond, 83 Ill. 120.

When the note was not paid the liability of the guarantor became fixed. Croskey v. Skinner, 44 Ill. 321.

The plaintiffs holding the notes are presumed to be the legal holders and in the absence of proof to the contrary are presumed to have taken them before maturity for value and *bona fide*. Farber v. National Forge & Iron Co., 50 Ill. App. 503; Cisne v. Chidester, 85 Ill. 523.

Our Supreme Court has always held that the maker can not defeat the payment of a note bought before maturity, unless he can establish the fact that the holder had purchased with notice; moreover, the purchaser is not bound to make inquiries. Murray et al. v. Beckwith, 81 Ill. 43.

And mere negligence in failing to make inquiries, however gross, is not sufficient to deprive a party of the character of a *bona fide* holder. Comstock v. Hannah, 76 Ill. 530; Hopkins et al. v. Withrow, 42 Ill. App. 584; Webber v. Indiana Nat. Bank, 49 Ill. App. 336; Matson v. Alley, 141 Ill. 284.

The law in this State is that the indorsee of a promissory note, before its maturity, taking it as payment or security for a pre-existing debt, shall be deemed a holder for a valuable consideration in the ordinary course of trade, and shall hold it free from latent defenses on the part of the maker. Manning v. McClure et al., 36 Ill. 490; Mix v. National Bank of Blooming-

ton, 91 Ill. 20; First National Bank of Olney v. Beaird, 3 Ill. App. 239.

Mr. Presiding Justice Adams delivered the opinion of the Court.

The appellees and appellants in assumpsit. The declaration contains two special counts on promissory notes and the common counts. The appellants filed, jointly, seven pleas. The first plea is the general issue; the second alleges, in substance, that the notes described in the first and second counts of the declaration were obtained from appellant by the Norristown Range Boiler Works on the sole consideration that the Norristown Range Boiler Works would, within six weeks from October 19, 1895, deliver to appellants a portable asphalt plant of a certain capacity (mentioned in plea) and a boiler and engine of sufficient capacity to run the plant, etc.; that the Norristown Range Boiler Works wholly failed to perform its agreement, of which plaintiffs had notice, whereupon consideration has wholly failed, etc. The third plea is a denial of joint liability verified; the fourth plea denies that plaintiffs at the time of bringing suit were the legal owners or holders of the notes; the fifth and sixth pleas are that the notes were given without consideration, and were assigned to the plaintiffs after maturity; the seventh is substantially the same as the fourth. Appellant Sayler filed three separate pleas denying the assignment of the notes by him to the plaintiffs, alleging failure of consideration for the notes, and also for their assignment to the plaintiffs, and their assignment to the plaintiffs after maturity.

The case was tried by the court, without a jury.

The facts, as they appear from the evidence, are as follows: October 30, 1895, the appellant executed two promissory notes of that date, each payable three

months after date, to the order of the Norristown Range Boiler Works, at 1105, 1106, 1107 Marquette Building, Chicago, Illinois, with interest at the rate of six per cent per annum, one of the notes being for the sum of $1,469.55 and the other for the sum of $1,337.50.  The notes were brought to appellant Sayler before their delivery to the payee by Mr. Crichfield, the president of the Mexican Asphalt Paving Company, and he, Sayler, indorsed them and handed them back to Mr. Crichfield.  The notes are indorsed, "Norristown Range Boiler Works, E. H. Deiffenbach, President," and were delivered by the payee to appellees in November, 1895.  S. Arthur Love, appellee, testified that the indorsement was to the Norristown Range Boiler Works, and was made in his, Love's, presence.  At the time the notes were so indorsed to appellees there was due on them about $2,700 or $2,800, and the Norristown company was indebted to appellees in the sum of about $2,000, and appellees, in consideration of the transfer to them of the notes by the Norristown company, credited that company with the amount of its indebtedness to appellees and paid it in cash, the difference between such indebtedness and the amount due on the notes.  The name of appellant Sayler was indorsed on the notes when they were delivered to appellees.

The notes at maturity were presented for payment at the place where, by their terms, they were payable, and were protested for nonpayment.

Appellants' counsel in their argument object that the joint liability of the appellants was not proved; that there is no evidence that appellant Sayler was a guarantor, or that the payee of the notes, the Norristown Range Boiler Works, indorsed them, and that the court erroneously excluded certain evidence offered by appellants.

Appellant Sayler was a stranger to the notes; he indorsed them about the time of their execution by the maker, and before their delivery to the payee. The presumption is, therefore, in the absence of evidence to the contrary, that he indorsed as guarantor, and the consideration for the notes was also the consideration for the guaranty. Webster v. Cobb, 17 Ill. 459, 465; Parkhurst v. Vail, 73 Ill. 343; Eberhart v. Page, 89 Ill. 550; Kankakee Coal Co. v. Crane Bros. Mfg. Co., 138 Ib. 207.

There is no evidence tending to prove that Sayler's liability is other than that of guarantor. By virtue of Section 2 of the act of 1895, in respect to negotiable instruments, the maker and guarantor of a promissory note may be sued jointly. 2 S. & C. Stat., Ch. 98, Sec. 8.

The Mexican Asphalt Paving Company by signing, and Sayler by indorsing notes payable to the order of the Norristown Range Boiler Works, impliedly stated and held out to the commercial world that there was an association of that name capable not only of being the payee of a promissory note, but also of directing, by indorsements, its payment to a third person.

S. Arthur Love, appellee, testified that appellees partners, under the firm name of John B. Love & Co., had had quite extensive dealings with the Norristown Range Boiler Works; that he purchased from that concern for his firm the notes in question, and that he was present when they were indorsed and saw the indorsement made, and received the notes from the Norristown Range Boiler Works. Lastly the indorsement on the notes is, "Norristown Range Boiler Works, E. H. Deiffenbach, President." We think the evidence amply sufficient to warrant the jury in finding that the notes were indorsed by the payee. A number of questions were asked S. Arthur Love on cross-examination

by appellants' counsel, to which the court sustained objections. It is sufficient to say that the questions did not relate to the subject-matter of the examination in chief of the witness, and the objections were properly sustained.

George W. Crichfield, President of the Mexican Asphalt Paving Co., a witness for appellants, was asked, "What were these notes given for?" On objection made to this question, one of the appellants' attorneys stated, "My object in asking the question was this: The plaintiff stated that he gave them credit on their account for more than the value of one of the notes— about two thousand dollars—and I contend that the rule is that where credit is given on a prior debt, the note is subject to any defenses that you may have had against the payee." By this statement appellants' attorney impliedly abandoned the theory that the notes were assigned to appellees after maturity, because if they were so assigned, the fact that a part of the consideration for such assignment was an antecedent debt, was an immaterial circumstance. The theory of the attorney was, as stated by him, that if the consideration for the assignment was an antecedent debt, the assignees took subject to any defense which might be made by the maker had there been no assignment. This theory is erroneous (First Natl. Bank of Olney v. Beaird, 3 Ill. App. 239; Mix v. Natl. Bank of Bloomington, 91 Ill. 20; 1 Daniels on Negotiable Instruments, Sec. 184), and, therefore, the objection was properly sustained.

There was no statement of what was expected to be proved by the witness, or offer to prove failure of consideration, and actual notice of such failure to appellees prior to the assignment of the notes, or that the notes were assigned after maturity (Gaffield v. Scott, 33 Ill. App. 317; Cook v. Haussen, 51 Ib. 269), but

the court was informed, in substance, that the evidence was offered for the sole purpose stated by appellants' attorney.    Certain questions and answers in the depositions of Tallman and Holloway, witnesses for appellants, were excluded by the court, to all of which, except one question to Tallman and two to Holloway objections were noted in the depositions.    Having examined the excluded questions and answers, we are of opinion that they were not relevant to the issues, and were properly excluded.

No propositions to be held as law in the case were submitted to the court.

The judgment is affirmed.