## John M. Ewen v. Albert G. Wilbor, Jr.

1. GUARANTY—*Measure of Proof—Prima Facie Case.*—Where an action is brought on a guaranty indorsed upon a promissory note, the production of the note with the signature of the guarantor upon it, makes a *prima facie* case.

2. SAME—*Legal Proceedings Not Necessary to Fix the Liability of the Guarantor.*—Legal proceedings are not necessary to fix the liability of a guarantor, nor is it necessary to prove a demand upon the maker or notice to the guarantor of the non-payment, or to use diligence against the maker.

3. PROMISSORY NOTES—*Who is the Holder or Proper Person to Make a Presentation for Payment.*—The holder of a promissory note or his authorized agent, is the proper person to make the presentation for payment; and any person who is in possession of the note under a blank indorsement, or with an indorsement to himself, will be deemed the holder for this purpose although he may be in fact only the agent of the real owner, for under such circumstances, as between himself and the owner, he is at liberty to treat the possession of the note as being in him under a legal title, as trustee of the owner, and is entitled to receive the payment upon it.

4. SAME—*Where the Demand for Payment is to be Made.*—Where a promissory note is made payable at a particular place, it will be sufficient for the holder to present it at such place for payment, and in case of its dishonor at such place, he is under no obligation to present it for payment elsewhere, or to present it personally to the maker.

5. SAME—*Effect of Making a Note Payable at a Particular Place.*— By making a promissory note payable at a particular place, the maker impliedly dispenses with the necessity of making any demand upon the holder, either personally or elsewhere, and the indorsers, equally with him, in such a case, impliedly agree that a presentment at the place shall be sufficient to bind all the parties.

6. SET-OFF—*Must be Acquired Before the Commencement of the Suit.* —The defendant in a suit can not set off a demand against the plaintiff's cause of action, acquired by him after the commencement of the suit.

7. SURETY—*Construction of the Contract of.*—While the contract of a surety is to be strictly construed, and will not be extended by implication, courts in endeavoring to ascertain the precise contract which a surety has made, may resort to the same aids and invoke the same canons of interpretation which apply to other contracts, and when the true intent and meaning of the contract entered into by the surety is ascertained, effect will be given to it.

Assumpsit, on a contract of guaranty. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed December 24, 1901.

This was an action brought upon a guaranty of a promissory note. On the trial it appeared that on the 15th day of November, A. D. 1892, Warren Ewen, Jr., party of the first part, and Albert G. Wilbor, Jr., party of the second part thereto, entered into an agreement, under seal, containing, among other things, the following recitals and provisions :

" Second. The said party of the second part has, upon the ensealing and delivery of these presents, deposited with the said party of the first part, as a special deposit and earnest of good faith herein, the sum of twelve hundred and fifty ($1,250) dollars, the receipt of which is hereby acknowledged by said first party.

" Said sum of twelve hundred and fifty ($1,250) dollars shall be held by said party of the first part as a special deposit; but it shall immediately, upon the receipt by said second party of a duly executed agreement or contract between the United States Government and the parties hereto providing for the adoption for general use in government work of any of said processes, become the property of the said party of the first part to compensate him in full for his services and the sale to the said party of the second part of said one-half interest in said contract or

agreement and in all such other contracts, agreements or arrangements as shall hereafter be made with the United States Government respecting the use of said processes or any of them, as above mentioned.

" Provided, however, that unless said contract or agreement with the said government is consummated on or before May 15, A. D. 1893, said sum of twelve hundred and fifty ($1,250) dollars shall, at the option of said party of the second part, be then returned by said first party to said second party, and then and in that case this agreement shall be ended and from thenceforth absolutely null and void. Should said second party, however, not elect to have said sum of twelve hundred and fifty ($1,250) dollars returned to him, as aforesaid, it shall continue to be held by said first party as such special deposit, aforesaid, until said government contract or agreement shall be made or until demanded by said party of the second part, when it shall be at once due and payable to him.

" In order to better secure the repayment of said sum of twelve hundred and fifty ($1,250) dollars, in the event that repayment thereof should be demanded, the said party of the first part has made, executed and delivered his note of hand for said sum, of even date herewith, payable on demand after six months after date, to the order of said party of the second part, at the office of said first party, Chicago, Illinois, and has procured said obligation to be guaranteed by John H. Ewen, of Chicago, Illinois.

            " WARREN EWEN, JR.,    [SEAL.]
            " ALBERT G. WILBOR, JR.  [SEAL.] "

Whereupon, upon said date, a note in all respects, save the date, like the one upon the guaranty of which this suit was brought, was made, signed by Warren Ewen, Jr., and guaranteed by John M. Ewen, appellant. Warren Ewen, Jr., the party of the first part to this contract, not having succeeded in obtaining the agreement with the United States Government mentioned in the above contract, May 15, 1893, the note he had given and appellant had indorsed became due on demand, but not being paid, June 7, 1893, he gave in place thereof the note upon the guaranty of which this action was brought, which note is as follows:

" $1,250.00.                  CHICAGO, June 7, 1893.

On demand after six months after date, I promise to pay to the order of Albert G. Wilbor, Jr., twelve hundred and

fifty and 00–100 dollars, at my office, Chicago, Ills. Value received.

WARREN EWEN, JR."

Appellant guaranteed above described note by signing his name in blank across the back. December 9, 1893, more than six months after the date of the note last mentioned, demand of payment of the same was made upon Warren Ewen, Jr., the maker, as set forth in the certificate of the notary who made the demand, which certificate is as follows:

" State of Illinois, County of Cook, City of Chicago, ss. Be it known that on the ninth day of December, in the year of our Lord, 1893, Isaac W. Brown, a notary public, duly commissioned and sworn, and residing in the city of Chicago, in Cook county, and State of Illinois, at the request of the Merchants' Loan & Trust Company, went with the original note which is above attached, to the office of Warren Ewen, Jr., in the city of Chicago, during ordinary business hours, and demanded payment thereon, which was refused. Whereupon I, the said notary, at the request aforesaid, did protest, and by these presents do solemnly protest as well against the maker of said note, the indorsers thereof, as all others whom it may or doth concern, for exchange, re-exchange, and all costs, charges, damages and interest already incurred by reason of the non-payment of the said note. And I, the said notary, do hereby certify that within forty-eight hours from the time of such protest, due notice thereof was put in the post-office at Chicago, as follows: Notice for Warren Ewen, Jr., Chicago, Illinois, for John M. Ewen, Chicago, Ill., for A. G. Wilbor, Jr., Brookline, Mass., each of the above named places being the reputed places of residence of the person to whom this notice was directed. In testimony whereof, I have hereunto set my hand and affixed my official seal, the day and year first above written.

(SEAL) . I. W. BROWN, Notary Public."

March 9, 1894, the note not having been paid, appellee began this action against appellant as guarantor.

Appellant urges that the obligation of the obligor or surety is *strictissimi juris;* that to the extent and in the manner and under the circumstances pointed out in his contract he is bound and no further; that his liability can

not be extended by implication or construction; and further says that the rule controlling the obligation of the guarantor "is the principle Shakespeare had in mind when he wrote The Merchant of Venice, and put into the mouth of Portia the famous judgment that made waste paper of Shylock's bond."

HENRY M. BACON and HENRY SCHOFIELD, attorneys for appellant.

CHARLES M. WALKER and CHARLES M. SHERMAN, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

While it is true that the obligation of the guarantor can not be extended by implication or construction, and is limited strictly to the contract he has made, we do not understand that the rule is, as appellant declares, "what Shakespeare had in mind when he wrote The Merchant of Venice." The judgment of Portia did anything but "make waste paper of Shylock's bond." On the contrary it converted it into an instrument by which the hapless Jew was robbed of all he had; nor have we understood that Portia's judgment was or is law in this or any other country.

The action in the present case is upon the guaranty, and the production of the note with the signature of appellant upon its back made a *prima facie* case against him. Legal proceedings are not necessary to fix the liability of a guarantor, nor is it necessary to prove demand upon the maker, or notice to the guarantor of non-payment, or to use diligence against the maker. Heaton v. Hulbert, 3 Scammon, 489; Parkhurst v. Vail, Adm'r, 73 Ill. 343; Stowell v. Raymond, 83 Ill. 120; Everhardt v. Page, 89 Ill. 550–554; Wallace v. Goold, 91 Ill. 15–20.

The burden of proof thus being thrown upon appellant, he introduced the contract of November 13, 1892, and under it insists that an actual, by which we understand is meant a personal demand upon Warren Ewen, Jr., the maker of the note, was necessary as condition precedent to a

right of action against John M. Ewen, the guarantor.    The notary's certificate was evidence that the demand described therein was made by him. (Montelius v. Charles, 76 Ill. 303.)   The note, it appears, had been placed in the hands of a bank for collection.   This not only authorized, but perhaps required the bank to make demand of payment. The fact that the notary in his certificate states that he made the demand at the request of the bank is immaterial. It doubtless was true, as a matter of fact, the bank, in endeavoring to collect the note, was acting as agent of the owner thereof, and the notary was a servant of the bank. Appellee guaranteed the note by writing his name across the back, and when presented for payment it bore the blank indorsement of the payee.   It is said in Story on Bills of Exchange (Sec. 360):

"The holder himself, or his authorized agent, is the proper person to make the presentment for payment; and any person who is in possession of the bill under a blank indorsement, or with an indorsement to himself, will be deemed a holder for this purpose, although he may, in fact, be only the agent of the real owner; for the agent, under such circumstances, is, between himself and the acceptor, at liberty to treat the possession of the bill as being in him, under a legal litle, as trustee of the owner, and therefore he is entitled to receive payment."

In section 234 of Story on Promissory Notes the author says:

"From what has been already said, it may be inferred— and, indeed, it is a clearly established doctrine—that where a promissory note is made payable at a particular place, as, for example, at a bank or banker's, in every such case it will be sufficient for the holder to present the same for payment at the specified place; and he is under no obligation whatever, in case of its dishonor at that place, to present it for payment elsewhere, or personally to the maker. The reason is, that by making it payable at that particular place the maker impliedly dispenses with the necessity of making any demand upon him, either personally or elsewhere.   And this doctrine applies as well to the case of the indorsers as of the maker of such a promissory note, for the indorsers, equally with the maker in such a case, impli-

edly agree that presentment at the place shall be sufficient to bind all the parties."

And in section 243 of the same work the author further says:

" If the note is payable at a bank or banker's, or at any other specified place,.to the holder, whether the bank or banker, or other person, has lodged it there, or has possession of it there, at the time of its maturity, it will be the duty of the maker to make payment thereof at that very place, and no special demand need be made upon the maker."

Nor was any demand upon Warren Ewen, Jr., other than that made by the notary, necessary in order to fix the liability of the guarantor. The note in this case, by its terms, being payable on demand after six months after date, and the agreement contemporaneously entered into, even though a part of the contract, can not require a demand other and different than in accordance with the terms of the note itself. The note constitutes the evidence of the debt, and the return of the money alleged in the contract to have been received as a special deposit was not recoverable except upon the note itself, for the evidence of the indebtedness, by the terms of the contract, was expressed in the note and merged therein, so that the latter constituted the evidence authorizing a recovery. The evidence shows the note was presented to the maker thereof by a bank with which it was deposited for collection, and was duly protested for non-payment. The demand and protest were after the note was due in accordance with its terms, and it can not be that the guarantor is entitled to any other or different demand and protest further than was made on the maker.

Appellant insists that the negotiation of the note by plaintiff was a wrongful diversion of it from the purpose for which it was given, and released the defendant from his liability as a guarantor thereon.

One great difficulty in regard to this contention is that there is no evidence that the note upon the guaranty of which this action is brought was ever negotiated by the plaintiff or wrongfully diverted from the purpose for which

it was given.   The previous note may have been negotiated by the plaintiff, and appellant may have been released from his liability thereon.   As to this we express no opinion. Whether released from that note or not, appellant voluntarily guaranteed the payment of the present note, it being made payable six months subsequent to the time upon which payment of the first note was required upon demand.

The evidence so clearly showed that the special deposit, acknowledged in the contract on November 15, 1892, was made, that we do not feel called upon to discuss whether appellant is in a position as to the second note to dispute the truthfulness of the acknowledgment of the receipt of the special deposit of $1,250 in the contract of November 15, 1892, under which the first note was given.   It appears that prior to the making of the contract, November 15, 1892, between Warren Ewen, Jr., and appellee, two other contracts had been made, and that on August 30, 1893, an agreement was entered into between them, mentioning the two agreements last spoken of, and also an agreement dated February 23, 1893, and that as the conclusion of the agreement of August 30th, the following release was therein:

"Second:  It is also understood and mutually agreed that the party of the first part herein and hereby releases the party of the second part from all debt and financial obligation for material and supplies furnished the offices and business of the party of the second part in the cities of Boston, Mass., and New York, N. Y., up to and including date of August 31, 1893; it being the intention, and mutually understood, that the party of the first part herein and hereby waives and cancels all claims and accounts, open, or of whatever kind that may be outstanding in favor of said party of the first part against the party of the second part, up to and including August 31, 1893."

To this agreement and release of August 30, 1893, Warren Ewen, Jr., was party of the first part, and Albert G. Wilbor, Jr., was party of the second part.   It is alleged by appellant that at this time Warren Ewen, Jr., was insolvent. As the release is to the plaintiff in this case and not from him it is difficult to understand in what way it affected the

obligation of Warren Ewen, Jr., to pay the note under consideration or the guaranty of appellant.

Appellant having pleaded a set-off, urged upon the trial that plaintiff was indebted to Warren Ewen, Jr., and that the latter had assigned his claim for such indebtedness to him, appellant, and endeavored to introduce a writing setting forth said assignment. The court refused to admit such writing, not, as appellant urges, "because it was not made on the day it was dated," but because by the testimony of the assignor it was made upon the date of the trial of the cause. Manifestly, appellant could not in this action at law have set off against the plaintiff claims which he had acquired, not only after suit was begun, and the issues made up, but when the trial was going on.

We see nothing in the phraseology of the note to take it out of the category of negotiable instruments, or to make its significance otherwise than clear.

While as before stated the contract of a surety is to be strictly construed, and will not be extended by implication, courts in endeavoring to ascertain the precise contract which a surety has made, may resort to the same aids and will invoke the canons of interpretation which apply to other contracts, and when the true intent and meaning of the contract entered into by the surety is thus or otherwise ascertained, effect will be given to it. Indeed, in a proper case a bond given by a surety may be amended so as to give effect to and enforce his liability under the contract which a court of equity finds he actually made. Shreffler v. Nadelhoffer, 133 Ill. 536; Henkleman v. Peterson, 154 Ill. 419; Keith v. Henkleman, 173 Ill. 137.

Appellant urges that the jury rendered a verdict only for the principal of the note, not allowing interest. Appellant at the time made no objection to this feature of the verdict, nor did he ask to have the jury again retire that they might compute and add interest to the amount they had found. The omission by the jury and error of the court, if such there were in this regard, were favorable to appellant, and he can not now urge them as a ground for reversal.

We do not find any action of the court upon the trial in allowing or refusing the giving of evidence, or as to instructions, which we think warrants a reversal of the judgment. It will therefore be affirmed.