## GEORGE C. LEMON *et al.*

*v.*

## ADLAI E. STEVENSON.

1. SET-OFF — *there must be mutuality as to parties.* In an action upon a promissory note against several, it was pleaded that one of the makers of the note had shipped to the owners of the note, a lot of corn, to be sold by them at a stipulated time and place, and the net proceeds to be applied to the payment of the note; that they sold the corn at a different time and place, by reason of which a heavy loss was sustained, and the damages thus resulting were sought to be set off against the note. *Held*, that the damages being due to one of the defendants alone, there was no mutuality in the demand, and they could not, therefore, be set off against the note.

2. SAME — *subject matter of set-off must be due.* But even if the damages had accrued to all the defendants, it must appear that, by the terms of the agreement, they were due, or they could not form the subject of set-off.

3. PLEADINGS — *taken most strongly against the pleader.* Where the language of a plea is doubtful in its meaning, the most unfavorable construction must be adopted against the pleader. He is always presumed to state his case as strongly in his favor as it will bear.

4. SAME — *averments, in a plea of set-off.* Where a defendant seeks to set up unliquidated damages as a set-off, he must allege that they are due and unpaid. In the absence of such averment, it may well be considered that the damages have been paid and satisfied, or may have been released or otherwise discharged.

APPEAL from the Circuit Court of LaSalle county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

This was an action of assumpsit instituted in the court below by Adlai E. Stevenson against George C. Lemon, Sen., Zenas Hartley and Azor Capron, to recover as assignee of the following promissory note :

$979.09.                                    BOSTON, Nov. 7, 1860.

Eight months after date we jointly and severally agree to pay to the order of George C. Lemon, Jr., Nine Hundred and Seventy-Nine 09-100 Dollars, at either Bank in Boston, Mass., value received.               GEORGE C. LEMON, SEN.
                                Z.  HARTLEY.
                                A. CAPRON.

Indorsed, "Pay to the order of Adlai E. Stevenson.
                                GEO. C. LEMON, Jr."

The defendants pleaded the general issue and several special pleas, among them the following :

*Fourth,* that the note was indorsed to the plaintiff after maturity ; is still the property of Pierce Brothers & Flanders, and is indorsed to the plaintiff for purposes of collection only. The note was made payable, nominally, to George C. Lemon, Jr., but for the express purpose of being paid over to Pierce Brothers & Flanders, in payment of an indebtedness of defendants to said firm, for goods purchased, in pursuance of previous contract between defendants and said firm. Said note, at the date thereof, was handed over to said firm, in pursuance of said contract and in payment of said indebtedness. Said firm were the owners of said note long after maturity, and placed the same in the hands of one Heman Baldwin for collection. Baldwin, acting as the agent of Pierce Brothers & Flanders, contracted with said defendant, Lemon, to receive of him one thousand bushels of corn, which said corn the firm were to receive on account of the said note and other indebtedness, ship the same to Boston, store the same until August 1st following, then sell the same for the best price it would bring in said market, and account to the defendants for the proceeds. That the corn was delivered to said firm, and was sold by them

in May or June, at a greatly reduced price, less than the same would have brought in said market, said August 1st, to wit: $1,500 less, whereby defendants have sustained damages in $1,500, out of which sum defendants offer to set off, etc.

The fifth and sixth pleas set up, substantially, the same facts as the fourth, except it was alleged the corn was delivered by all the defendants, instead of by Lemon alone.

It was not alleged in any of these pleas that the damages sought to be set off, remained due and unpaid.

A demurrer was interposed to each of the special pleas, and sustained by the court, and the defendants abided by their pleas.

The cause was tried before the court, without a jury, upon the plea of the general issue. The finding was for the plaintiff, for the amount of the note and interest. A new trial was refused, and judgment entered upon the finding.

The defendants bring the case to this court by appeal, and assign for error, the sustaining of the demurrer to the special pleas.

Messrs. LELAND & BLANCHARD, for the Appellants.

Mr. A. E. STEVENSON, and Mr. T. M. SHAW, for the Appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The error relied upon to reverse this case, questions the correctness of the judgment of the court below, sustaining a demurrer to the fourth, fifth and sixth pleas filed by appellants. The note sued upon was executed by Lemon, Hartley and Capron. In the fourth plea it is averred, that Lemon, one of the makers, delivered to one Baldwin, the agent of Pierce Brothers & Flanders, who were the real owners of the note at the time suit was brought, ten thousand bushels of corn, to be sold by them, in Boston, for the best price it would bring, on the first day of August thereafter, and after deducting ex-

penses and charges, they were to apply the proceeds of the sale to the payment of the note. That they sold the corn, but at a different time and place, whereby a heavy loss was sustained; and the plea offers to set off these damages against the note.

In reference to this plea it will be observed, that it avers that the contract was made by the agent of the holders of the note, with one of the makers, and not with all of them jointly. If damages were sustained, it was by him individually, and not by himself and his co-defendants jointly. The other joint debtors had no legal interest, either jointly or severally, in these damages. They could not join him in an action for their recovery. It then results, as a consequence, that the damages being due to Lemon alone, there was no mutuality in the demand, and these damages could not be set off against the note. The only mode in which they can be recovered is in an action by Lemon for a breach of contract.

The fifth and sixth pleas set up substantially the same facts as the fourth except, that the corn was delivered by the defendants, instead of by Lemon alone. But there is a fatal defect which is common to all these pleas, which is, that the damages are not alleged to be due and unpaid. If they were not by the terms of the agreement due, they could not form the subject of a set-off. For aught that appears from these pleas, every cent of these damages may have been paid and satisfied, or may have been released or otherwise discharged. A party is required to make out his case by his pleadings, and not leave it to conjecture or inference. But no inference can supply the want of an averment that the damages were still unsatisfied. There is no language which can, by any known rule of construction, be held to imply such an averment. And even if the language of the plea was doubtful in its meaning, the most unfavorable construction must be adopted against the pleader. He is always presumed to state his case as strongly in his favor as it will bear. There was therefore no error in sustaining the demurrer to these pleas, and the judgment of the court below must be affirmed. *Judgment affirmed.*