## George W. Helmick, Appellant, v. William J. Carter, Appellee.

1. APPEALS AND ERRORS—*when wrongful sustaining of demurrer waived.* Error in sustaining a demurrer to common counts in a declaration is waived where after taking leave to amend generally such counts are omitted and no election is made to stand on them.

2. DURESS—*when payment is voluntary.* Payment of money to

prevent legal action on a subsisting claim is a voluntary payment.

3. Pleading—*fraud and deceit.* In pleading fraud and deceit the acts which constitute it must be set forth.

4. Pleading—*conclusions.* It is not sufficient to state conclusions but the pleader must set forth such facts that the court may determine therefrom whether the conclusions are justified.

5. Usury—*recovery back.* Usurious interest once paid cannot be recovered.

6. Fraud and deceit and duress—*threats to foreclose mortgage.* Threats to begin foreclosure proceedings on a mortgage given to secure notes alleged to carry usurious interest do not amount to fraud and deceit or duress.

7. Pleading—*when error in sustaining demurrer not shown.* Error in sustaining a demurrer to a special count setting up usury and fraud and deceit is not shown where the count does not state the term of the loan, the date of its execution, or the time when it became due but merely states that the loan was to draw five per cent. interest, and that $1,000 in addition was paid and no payment is averred except the $1,000 which is sought to be recovered.

Action in *assumpsit.* Appeal from the Circuit Court of DeWitt county; the Hon. W. G. Cochran, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912.

Stone & Gray, for appellant.

Herrick & Herrick, for appellee.

Mr. Presiding Justice Philbrick delivered the opinion of the court.

This is an action brought by George W. Helmick, plaintiff, against William J. Carter, defendant.

To the original declaration, consisting of one count, the court sustained a demurrer; leave was taken by plaintiff to amend the declaration and file additional counts, an amended declaration was then filed, containing two special counts with the common counts added, defendant filed a general demurrer to this amended declaration and each count, this demurrer was also sustained. Plaintiff took leave to again amend this declaration, the second amended declaration contains two special counts, in this amendment the common

counts were omitted; to this second amended declaration a general and special demurrer was filed and sustained by the court. Plaintiff again took leave to amend this declaration, and filed what is designated in the record as the third amended declaration, consisting of but one special count, a general and special demurrer was filed to this and sustained by the court; plaintiff then elected to stand by the third amended declaration. Judgment was rendered against plaintiff in bar of action and for costs, and plaintiff prosecutes this appeal from that judgment.

Plaintiff insists that the court erred in sustaining demurrer to the declaration and especially to the common counts. While the common counts are not subject to demurrer and it is error to sustain a demurrer thereto, after the court sustained the demurrer to the two special counts and the common counts, plaintiff took leave generally to amend this declaration and in the third amended declaration no common counts were added; plaintiff having taken leave to amend his declaration generally and having omitted the common counts from his declaration as then amended and not having elected to stand by the common counts to which demurrer had been wrongfully sustained by the court, he cannot now complain of the action of the court in sustaining the demurrer to the common counts.

The only question presented by this record is whether or not the court erred in sustaining the demurrer to the third amended declaration, which consisted of but one special count.

This special count avers that plaintiff was indebted in the sum of ten thousand dollars, which sum was secured by a mortgage upon certain farm lands owned by plaintiff in Macon county, Illinois; that said mortgage became due and that defendant thereupon notified and informed plaintiff that unless such indebtedness was immediately paid, proceedings would be commenced to foreclose said mortgage. That plaintiff, for

the purpose of avoiding foreclosure proceedings and a sale of his land, entered into negotiations with the defendant to secure a loan of ten thousand dollars, that defendant agreed to loan plaintiff ten thousand dollars on his said lands at five per cent. interest per annum; and plaintiff, relying upon the promise of defendant to so furnish him said money, did not undertake or attempt to secure said sum of ten thousand dollars from any other source; that when the time came to complete the negotiations and defendant furnish the money, and at a time when it was necessary that the ten thousand dollars loan thus due should be liquidated, defendant informed plaintiff that he would not furnish said ten thousand dollars to the plaintiff except upon the condition that plaintiff pay to the defendant the sum of one thousand dollars as additional interest upon the said loan. Plaintiff further avers that said representations made by defendant that the said ten thousand dollars mortgage upon his said farm would be immediately foreclosed was false and fraudulent and known by defendant to be false and made for the purpose of compelling plaintiff to enter into negotiations with the defendant, and that plaintiff believed said representations to be true and desiring to avert and prevent the sale of his said premises, as defendant represented they would be sold, agreed to and did make and execute to the defendant his notes in the amount of one thousand dollars, and that by reason thereof he was compelled to and did pay the sum of one thousand dollars to the defendant, that the same was usurious interest and was obtained by defendant by fraud and false representations. That these notes before maturity were assigned by defendant to one E. G. Argo, and that before the time of maturity of said notes representing said sum of one thousand dollars, defendant, by means of letters written to him, threatened to sue plaintiff and his securities upon said notes unless they were immediately paid, and that by

reason of the alleged threats to sue thereon plaintiff paid said notes amounting to one thousand dollars. That said notes representing said one thousand dollars were additional interest upon said loan of ten thousand dollars and were usurious; and that same were paid by reason of the threats made by defendant at a time when plaintiff was in financial straits, and that these threats amounted to duress and that same was not voluntarily paid.

It has been repeatedly held by the Supreme Courts of this and other states that the payment of money to prevent the bringing of legal action against a party upon a subsisting claim is not duress, and that a payment made to prevent such legal action is a voluntary payment.

It is a familiar rule of practice that a pleading will be taken most strongly against the pleader, and that in pleading fraud and deceit the acts which constitute that fraud and deceit must be set forth in the pleading, and that it is not sufficient to allege that the actions were fraudulent and deceitful. Lemon v. Stevenson, 36 Ill. 49; Pool v. Roberts, 19 Ill. App. 438.

It is another rule of practice well recognized that the pleader must set forth such facts in his pleading that the court may determine from an inspection of the facts as alleged whether or not the conclusions drawn by the pleader were justified by the facts, and it is not sufficient for the pleader to merely state conclusions. Stanley et al. v. C. T. & S. Bank, 165 Ill. 295; Home Bldg. and L. Assn. v. McKay, 217 Ill. 551.

The special count to which plaintiff contends it was error to sustain the demurrer does not set forth the term for which the ten thousand dollar loan was made, the date of its execution, or the time when it became due, and the statement of fact that the ten thousand dollar loan was to draw five per cent. interest and that one thousand dollars in addition thereto was paid does not constitute a sufficient statement of facts to enable

the court to determine whether or not the payment of one thousand dollars in addition to the five per cent. was usurious or not, the law of this state permitting a party to contract for the payment of seven per cent. interest without making the contract usurious; and the court could not determine from the facts set forth that even if the additional one thousand dollars was paid would make the whole contract usurious, and plaintiff does not aver in his declaration that he has paid the ten thousand dollars or any interest thereon whatever except the one thousand dollars which it is sought to recover back; but conceding that the entire indebtedness had been paid, it is a rule too well established to admit of argument that usurious interest once paid cannot be recovered back.

Plaintiff does not in his declaration set forth any acts done by defendant or any threats made by him aside from the threat that foreclosure proceedings would be immediately commenced unless payment was made, and these do not constitute fraud and deceit or duress.

The third amended declaration filed by plaintiff does not state a cause of action, and the trial court did not err in sustaining a demurrer thereto.

The judgment of that court is affirmed.

*Affirmed.*